Melvin Keith FORT, Appellant,

v.

The STATE of Texas, Appellee.

No. 60724.

Court of Criminal Appeals of Texas, Panel No. 3.

May 13, 1981.

Don Ervin, Houston, for appellant.

Carol S. Vance, Dist. Atty., Lewis Dickson, III, Fred Reynolds and Frank Harmon, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of phencyclidine with intent to deliver. Punishment was assessed at three years.

The two grounds of error raised by appellant are both predicated on an argument that the search warrant leading to seizure of the contraband was defective. Appellant argues the search warrant does not comply with Art. 18.04(3), V.A.C.C.P., which provides:

"A search warrant issued under this chapter shall be sufficient if it contains the following requisites:

" . . .

"(3) that it command any peace officer of the proper county to search forthwith the person, place, or thing named; . . ."

The search warrant in this case commenced with a command directed: "To the Sheriff or Any Peace Officer of City of Pasadena County, Texas." When appellant's argument was made to the trial court, that court took judicial notice that the city of Pasadena is in Harris County. Since the city of Pasadena is in Harris County, any peace officer of that city is necessarily also a peace officer of that county. Also, the premises to be searched are stated in the warrant to be located "in City of Pasadena, Harris County, Texas." We find the search warrant is not subject to the attack raised by appellant. See *Barnes v. State*, Tex.Cr. App., 504 S.W.2d 450, 453.

The judgment is affirmed.