Raymond Richard WATTS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0001–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 21, 1982.

Carolyn Clause Garcia, Houston, for appellant.

Ray Elvin Speece, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and WARREN and DUGGAN, JJ.

DUGGAN, Justice.

Appellant was found guilty by a jury of aggravated sexual abuse. Upon the punishment hearing before the court without a jury, he was found to be a second offender, and his punishment was assessed at twenty years' confinement in the Texas Department of Corrections.

Appellant asserts in two grounds of error that the trial court wrongly denied his motions for mistrial made during the prosecution's opening statement to the jury, and later, during the prosecution's closing jury argument.

In his first ground of error, appellant complains that the trial court erred in failing to grant his motion for mistrial when the prosecution, in its opening argument, stated facts which it knew it could not, and which in fact it did not, prove at trial. During its opening statement, the prosecution stated that it would show that the complainant had identified a photograph of the appellant as her assailant in the police "mug shot" books, and that the complainant had drawn a facial composite of appellant. Appellant's objection to this opening statement by the prosecutor was sustained, but his motion for mistrial was denied. Later, during the State's presentation of its case, the court sustained appellant's objection to the proposed testimony as to the complainant's identification of the appellant's photograph in the police photograph books, and ruled that it would not permit any further testimony as to the complainant's identification of the appellant until there had been cross-examination or other attack upon such identification.

Article 36.01, V.A.C.C.P., provides in pertinent part that:

The States' attorney shall state to the jury the nature of the accusation and *the facts which are expected to be proved* by the State in support thereof (emphasis added).

In *Williams v. State*, 565 S.W.2d 937 (Tex.Crim.App.1978), the trial court admitted a photograph of the appellant and permitted the complainant to testify over objection that, prior to trial, she had seen the photograph of the appellant and identified him as one of the men who had robbed her. The appellant argued upon appeal that this was improper bolstering of an unimpeached witness. In affirming the conviction, the court stated:

A witness who has identified a defendant at trial may testify that prior to trial he identified a photograph of the witness, or the witness may testify that prior to trial he identified the defendant while the defendant was in custody (citations omitted).

565 S.W.2d 937, 938. Texas courts recognize that while a complaining witness who has identified her assailant at trial may testify that she also identified him while he was in custody of the police, *other* witnesses may not bolster her unimpeached testimony by corroborating the fact that she did identify him. *Bell v. State*, 620 S.W.2d 116 (Tex.Cr.App.1981); *Lyons v. State*, 388 S.W.2d 950 (Tex.Cr.App.1965). Such is not the case in this instance. Since the complainant's testimony of her identification of the appellant both in a pre-trial photo array and in a pre-trial line-up was admissible, there was no error in the prosecution's reference to it during opening statement to the jury.

The trial judge erred in appellant's favor in refusing to allow the State to introduce the evidence that appellant complains should not have been mentioned in the State's opening statement. The prosecution reasonably anticipated that it would be allowed to elicit such evidence from the complainant during trial, and no error or harm is shown.

■ Neither is it reversible error that the mug shot photograph or composite drawing of appellant were not subsequently admitted at trial. In *Marini v. State*, 593 S.W.2d 709 (Tex.Cr.App.1980), the court stated:

[I]t is urged that reversible error was committed by allowing the prosecutor to state his belief that the evidence would show that a conversation with [a witness] led police to the recovery of a 'sawed-off' [12 gauge bolt action] shotgun which was

the murder weapon in this case. The State did not attempt to introduce evidence of this transaction during the trial.... A preliminary statement of what the State expects to prove is proper. No error has been shown and [the ground of error] is overruled.

The record before us shows that the appellant had vigorously objected to the admission of such testimony and evidence at trial, and he cannot now use the trial court's erroneous agreement with his objection as a basis for reversal on appeal. Appellant's first ground of error is overruled.

Appellant further urges that the trial court abused its discretion in failing to grant his motion for mistrial. This argument is not brought forward under a separate ground of error, and is not germane to the first ground of error as stated. Nevertheless, we note that a favorable consideration of the argument would allow appellant to benefit by the trial judge's error in his favor, since the court's erroneous ruling precluded testimony the State should have been allowed to present. Therefore, we do not find any abuse of discretion.

The appellant's second ground of error complains that the trial court erred in failing to grant appellant's motion for mistrial for improper jury argument by the prosecutor in assuming facts not in evidence. The record shows that the following transpired during the prosecution's jury argument:

Prosecution: [His landlady] said, 'Please come to the front and see if we can work something out' ... but he doesn't go to [her]. Someone, I don't know who but it makes sense it was Raymond, broke in, took the clothing and left. And nobody knows where he was from September 21, on. And why did he leave town?

Defendant's Attorney: Objection, your Honor. It's outside the record. There is no evidence.

Prosecutor: That is a logical conclusion.

The Court: I sustain the objection that he left town. The jury is instructed they will not consider that comment.

Defendant's Attorney: I move for a mistrial.

The Court: Overruled.

Defendant's Attorney: Note our exception.

However, the record clearly shows that prior to the argument here complained of, in summarizing the testimony of a previous witness, the prosecution had argued, without objection, as follows:

We put on Mrs. Gale, the lady that runs Smiley's Restaurant; and she said this man never picked up his check, a $100 check. *Now, the only reason he didn't pick up that check is that he had to leave town, and he knew the law was on him.* There would be every reason to pick up that check if he hadn't committed the offense because he was behind in his rent and the landlord told you rent is only $25 a week and he was only a week and a half behind. (emphasis added).

In short, no objection was raised by appellant to the initial statement in argument by the prosecution, but only upon the occasion of a repetition of the same conclusion. Appellant's objection was not made timely, since an objection to argument must be made at the first opportunity, and not after argument has continued for some time on the objectionable line. *Cain v. State*, 549 S.W.2d 707 (Tex.Cr.App. 1975). Appellant's second ground of error is overruled.

Appellant also urges that the State's jury argument violated Article 38.-08, V.A.C.C.P., in that it allegedly commented on the defendant's failure to testify. This complaint was not addressed in a separate ground of error, and is multifarious under appellant's second ground of error. However, we note that before indirect comments concerning the failure of an accused to offer evidence can constitute reversible error, such comments must call for a denial of an assertion of facts or for contradictory evidence that only the defendant is in a position to offer. Where the State's argument can be reasonably construed as referring to the accused's failure to produce other testimony than his own, it is not improper. The State's argument in

question was reasonably directed to the topic of lack of proof of an alibi. *Beal v. State*, 520 S.W.2d 907 (Tex.Cr.App.1975); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr. App.1974). For jury argument to constitute impermissible comment on a defendant's failure to testify,

> The language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto.

*Suber v. State*, 440 S.W.2d 293 (Tex.Cr.App. 1969). The record of jury argument shows no prosecutorial references or comments amounting to a direct or undeniable allusion to the defendant's failure to testify.

The judgment is affirmed.