**Albert Richard DOSS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–81–163–CR.**

Court of Appeals of Texas, Waco.

July 1, 1982.

Discretionary Review Refused Sept. 22, 1982.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, P.C., Belton, for appellant.

Bobby L. Cummings, Dist. Atty., Gatesville, for appellee.

## OPINION

CHASE, Justice.

Appellant was indicted in Coryell County, Texas for the offense of attempted murder. After a trial by jury Appellant was found guilty of the lesser offense of aggravated assault and his punishment was assessed at ten years in the Texas Department of Corrections. Appellant has appealed on two grounds of error.

The record reflects the following events transpired: Roy Dean Cole testified that on April 23, 1981 he was sitting in the seat of his truck in front of his father's house in Flat, Texas, with both doors to the truck open while he was installing a citizens band radio in the cab of the truck. It was dark and he felt something poke him in the back. Upon being poked the second time he turned and saw Appellant pointing a gun in his face and inquiring as to the whereabouts of Appellant's son. Cole denied any knowledge of the son's whereabouts, but Appellant insisted that he knew. Upon Cole again denying any knowledge concerning the son, Appellant snapped the pistol over an empty chamber with it still pointing at Cole's face. Appellant, while still inquiring as to his son's whereabouts, shot Cole in the foot. He then told Cole he was serious, and would "blow his damn head off" if he didn't tell where the son was. While Cole still protested no knowledge concerning the son, Appellant pointed the gun in his face again, at which time Cole threw his arm up moving the gun away from his face as it discharged a shot grazing his arm and going into the cab of the truck. Thereafter Appellant and Cole continued to talk about the whereabouts of the son, after which Cole's mother and father came out from the house and discussed the matter with Appellant further.

In ground of error number one Appellant charges:

"The court erred at the guilt-innocence phase of the trial by submitting in its charge to the jury the lesser offense of aggravated assault because the same was not raised by the evidence."

Appellant asserts that this case is controlled by *Royster v. State*, 622 S.W.2d 442. In that recent case the Court of Criminal Appeals held that in determining whether a charge of a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the Defendant is guilty, he is guilty of only the lesser offense. Appellant says that, while the State's proof of the offense of aggravated assault was included within the proof necessary to establish attempted murder as charged in the indictment, there is not evidence in the record which showed that Appellant, if guilty, was only guilty of the lesser included offense of aggravated assault.

The State takes the position that the two-step analysis set forth in Royster is applicable only to the situation where the defendant is requesting the lesser offense be included in the charge, but that the State is not bound thereby. No direct authority is submitted for the State's contention although it is arrived at through the citation of numerous indirect authorities.

We are inclined to agree with the State. In *Forbes v. State*, 513 S.W.2d 72 (Tex.Cr. App.), it is stated that "The State, because of its burden of proof, is entitled to present all legitimate evidence it possesses to sustain its burden of proving the commission of an offense . . ."

In *Day v. State*, 532 S.W.2d 302, the Court of Criminal Appeals in discussing Articles 37.08 and 37.09 Vernon's Annotated Code of Criminal Procedure stated "We hold that the new statutory scheme of lesser included offenses, . . . did not create

such a restriction upon the jurisdiction of the trial court, once properly invoked to try the offense charged, to proceed to judgment upon the lesser included offense, . . ."

It would therefore follow that the State, with its heavier burden of proof, having the authority to present all of the evidence which it possesses, and not being restricted to proceed to judgment on the lesser offense, and with the further obligation to seek a conviction if the evidence so warrants, would be authorized to request the inclusion in the charge of the lesser offense.

If the State be wrong and Appellant be right in its contention that this case is controlled by *Royster*, and we apply the two-step analysis set forth therein, the lesser offense was properly included within the charge.

Appellant admits that the State's proof of the offense of aggravated assault was included within the proof necessary to establish attempted murder so that the first step is complied with. From the conduct of Appellant in snapping the gun in Cole's face, taking his time to lower the gun and shoot him in the foot, permitting the gun to be knocked from the position from where it was pointing in Cole's face and the time which elapsed while conversation was carried on between Appellant and Cole could easily cause the jury to infer that there was no intent to cause the death of Cole, but only to frighten him, thus finding that the Appellant, if guilty, was only guilty of the lesser included offense of aggravated assault.

Appellant's ground number one is overruled.

In ground number two Appellant charges:

"The court erred and abused its discretion in denying Appellant's motion for continuance thereby depriving Appellant of the effective assistance of counsel."

Appellant was indicted on June 1, 1981, and arraigned on June 3, 1981. He was represented at the arraignment by Gatesville Attorney Allen D. Place. The case was set for trial June 15, 1981.

On June 12, 1981, Appellant filed his first Motion for Continuance stating that he had retained the services of Attorney W. Alfred Winder of Fort Worth, Texas, to be lead counsel in the trial of the case. The affidavit reflected that Mr. Winder had been ill and had been unable to prepare for the trial.

The trial court denied the Motion for Continuance and the case was tried on June 15, 1981.

The trial court has wide discretion in granting or denying a motion for continuance. Whether the trial judge abused his discretion in denying the motion for continuance because of the absence of Attorney Winder is to be determined by the quality of representation the Appellant received from Attorney Place during the trial of the cause. *Johnson v. State*, 614 S.W.2d 148 (Tex.Cr.App.). A careful reading of the record reflects that Appellant was quite ably represented by Attorney Place. The fact that Appellant was convicted of the lesser offense of aggravated assault is attributable in large measure to the very thorough and capable cross-examination of witness Roy Dean Cole by Mr. Place. We find no abuse of discretion and overrule Appellant's ground two.

The judgment of the trial court is affirmed.