**Silas Owendoff ANGEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–245–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 23, 1985.

Rehearing Denied July 5, 1985.

Russell C. Busby, Austin, for appellant.

John B. Holmes, Dist. Atty., Lori B. Milberg, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Silas Angel appeals a jury conviction for theft of property valued between $200 and $10,000. The jury assessed punishment at

five years' confinement. We find no reversible error in the 11 grounds presented for our review and affirm the trial court's judgment.

■ Appellant first challenges the sufficiency of the evidence to sustain his conviction; we will therefore review the relevant facts. After midnight on August 29, 1983, Tomball Police Officer Daniel Toombs was on routine patrol when he noticed several pieces of heavy equipment used for road repair parked alongside the highway. Shortly after 4:00 a.m., Officer Toombs saw the appellant driving a piece of heavy equipment with no headlights several yards from a site where he had previously seen the heavy equipment parked. Officer Toombs stopped the appellant to investigate, obtained his driver's license number, directed him to drive on the shoulder of the road because the vehicle had no lights, and then allowed the appellant to proceed. Shortly thereafter, Officer Toombs learned of two outstanding traffic warrants on appellant and stopped him again. During this second detention, the officer noticed the vehicle had apparently been hot-wired. He arrested appellant on suspicion of theft and for the two traffic warrants, and he arranged for the vehicle to be photographed and towed into the police storage yard.

A few hours after the arrest, Tomball Police Lieutenant Robert Creel learned that the same type of vehicle recovered from the appellant had been stolen from the paving company repairing the highway near the site of the arrest. The owner of the paving company, B.W. Smith, sent a foreman to the police storage yard to identify the vehicle, although this foreman did not testify at trial. Officer Toombs testified that the recovered vehicle had the identification number CIN1002331TX weld-beaded on the frame. Mr. Smith testified (1) that this identification number is one assigned specifically to his company by a Texas crime-fighting organization, (2) that he does not ordinarily remove this number when he sells his equipment, and (3) that he could not tell solely from police photo-

graphs of the recovered equipment whether the vehicle was actually the one missing from the paving site. Furthermore, Mr. Smith testified that his vehicle's serial number was 271005, while Officer Toombs testified that he found the number 9410–35336T on the equipment in addition to number CIN1002331TX.

Appellant contends the foregoing evidence is insufficient to prove the vehicle driven by the appellant was the exact vehicle missing from among Mr. Smith's equipment alongside the highway. As support for his position, appellant cites *York v. State*, 511 S.W.2d 517 (Tex.Crim.App.1974). In *York*, the defendant was convicted of stealing a barricade marker with a blinking light. However, the Court of Criminal Appeals reversed the conviction for insufficient evidence because the State did not establish that the barricade marker found in appellant's possession was the property of the complaining witness and that it was therefore the same barricade marker alleged in the criminal information to have been stolen. *Id.* at 519. Similarly, appellant contends the State failed to prove that the vehicle recovered belonged to Mr. Smith. We disagree.

The case before us is based on circumstantial evidence since no one actually witnessed the theft of Mr. Smith's equipment at the exact instant the vehicle was removed from the paving site. The standard for reviewing the sufficiency of both direct and circumstantial evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). In applying this standard to circumstantial evidence cases, the courts employ a process of elimination to determine whether the evidence excludes all other reasonable hypotheses of the defendant's conduct. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. 1983).

The appellant was found driving the heavy equipment at approximately 4:00 a.m. only a few yards from the location of Mr. Smith's other equipment. Mr. Smith testified that a vehicle of the exact description as the one recovered from appellant was discovered missing from that site a few hours after appellant's arrest. Officer Toombs identified the number CIN1002331TX as being weld-beaded onto the vehicle recovered from the appellant. Mr. Smith testified that this identification number is specifically assigned to his company. We believe this chain of testimony is sufficient to identify the recovered vehicle as the one stolen from Mr. Smith and thus sufficient to prove the offense charged. The situation before us differs from that in *York*, 511 S.W.2d at 517, in that here the recovered property displayed an identification number specifically assigned to Mr. Smith's company, thus providing a very strong indication of ownership.

Appellant claims the evidence is insufficient because (1) Mr. Smith does not remove the weld-beaded identification number from his equipment upon selling it, (2) there appeared to be some discrepancy as to the other numbers on the vehicle as described by Officer Toombs and Mr. Smith, and (3) no one who identified the vehicle at the police storage yard testified at trial. While it is true that the evidence in this case could have been more fully developed, we nevertheless find it sufficient to rule out all other reasonable hypotheses of appellant's conduct. Appellant seems to imply that it is an equally reasonable hypothesis that at 4:00 a.m. a few yards from the site of Mr. Smith's missing equipment, appellant just happened to be driving an identical vehicle previously owned by Mr. Smith and therefore having the same weld-beaded identification number. This hypothesis stretches the imagination a bit too far. The jury, as the exclusive judge of the facts, the credibility of the witnesses, and the weight of the testimony, heard sufficient evidence to convict appellant of theft. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.

1981). Any discrepancies in the testimony were presumably noted by the jury and resolved through their deliberations. *Banks v. State*, 510 S.W.2d 592, 595 (Tex. Crim.App.1974). Accordingly, we overrule ground of error one.

In ground of error two, appellant asserts the trial court erred in refusing to grant his motion for instructed verdict at the end of the State's case-in-chief. However, appellant waived his right to assert this ground of error on appeal when he called witnesses and presented his own case-in-chief after the trial court denied his motion for instructed verdict. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim. App.1980). Therefore, we overrule appellant's second ground of error.

Appellant next contends the trial court erred in allowing the State to use an inadmissible penitentiary packet during the punishment phase of the trial. Although the trial judge initially overruled defense counsel's objections to the penitentiary packet, the judge shortly thereafter changed his mind and sustained the objections, instructing the jury not to consider any prior convictions of the defendant in assessing punishment. In further discussions with defense counsel as to the proper remedy for the State's introduction of this inadmissible material, the judge and the defense attorney agreed that the court would instruct the jury to return a finding of "not true" to the enhancement allegation. The judge so instructed the jury, and defense counsel did not move for a mistrial. Appellant now maintains that the instruction was insufficient to cure the error.

The general rule concerning inadmissible evidence is that such error is usually cured by the court's instruction to disregard "except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Thompson v. State*, 612 S.W.2d 925, 928 (Tex.Crim.App.1981). We find the trial

court's strong admonition to the jury to disregard the penitentiary packet and its instruction to return the finding of "not true" to the enhancement allegation sufficient to cure the error. Furthermore, since defense counsel did not ask for a mistrial, he received all the relief he requested at trial. *Stoner v. State*, 585 S.W.2d 750, 755 (Tex.Crim.App.1979); *Kennedy v. State*, 520 S.W.2d 776, 778 (Tex.Crim.App.1975). Therefore, we overrule the fourth ground of error.

■ We next entertain appellant's complaint of trial court error in submitting to the jury over appellant's objection a lesser-included offense not in the indictment. Appellant contends that inclusion of the lesser offense on the State's motion or on the court's own motion significantly reduced the State's burden of proof by allowing it to obtain a conviction without proving every element of the specific offense named in the indictment beyond a reasonable doubt. We disagree.

The indictment in this case alleged theft of property valued over $10,000. The State's witness, Mr. Smith, testified that the property was worth approximately $15,000. The defense witnesses testified the property was worth considerably less than $10,000 but certainly more than $200. Thus, the court submitted both offenses to the jury: theft of property valued over $10,000 and theft of property valued between $200 and $10,000.

Many of the cases concerning the submission of a lesser-included offense arose from situations in which the trial court refused to submit the lesser offense after the defendant properly requested it. In one such case, the Court of Criminal Appeals stated that when evidence from any source raises an issue that a lesser offense may have been committed and a jury charge is properly requested, the trial court must submit the lesser-included offense to the jury. *Ormsby v. State*, 600 S.W.2d 782, 785 (Tex.Crim.App.1979). The Court of Criminal Appeals has further espoused a two-step analysis in determining the propriety of submitting the lesser of-

fense: (1) the lesser offense must be included within the proof necessary to establish the greater offense; and (2) the record must contain some evidence that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981). Again, however, *Royster* arose from the trial court's refusal to submit the lesser offense after the defense counsel requested it.

In the instant case, the trial court submitted the lesser offense over the defense counsel's objection. This situation also occurred in *Doss v. State*, 636 S.W.2d 564 (Tex.App.—Waco 1982, pet.ref'd). The opinion in *Doss* states that the two-step analysis in *Royster* is applicable *only* when the trial court refuses to submit a lesser-included offense properly requested by the defendant. Since the State possesses a heavier burden of proof, the court in *Doss* found it reasonable to allow the State also to request the submission of lesser-included offenses *if such offenses are supported by the evidence. Id.* at 566; *Pennington v. State*, 644 S.W.2d 64, 65–66 (Tex.App.—Austin 1982, pet.granted); *see Bradley v. State*, 688 S.W.2d 847 No. 899–83 (Tex.Crim.App., 1985) (en banc). In the case before us, appellant introduced evidence that the stolen property was worth less than $10,000; therefore, the record supports the submission of the lesser offense. We find the trial court properly submitted the lesser-included offense over appellant's objection, and we overrule the fifth ground of error.

In his sixth ground of error, appellant contends the trial court erred in denying his pretrial motion to suppress. In a pretrial hearing, the court granted appellant's motion to suppress certain statements made by the appellant at the time of the arrest, pursuant to TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon 1979 and Supp.1985). However, the court denied appellant's motion as to certain other evidence. Appellant argues that the other evidence should also have been suppressed because his arrest was illegal for the fol-

lowing reasons: (1) Officer Toombs operated outside the boundaries of his jurisdiction and (2) the officer effected an improper warrantless arrest. We again disagree with appellant's allegations.

The record indicates that Officer Toombs first noticed appellant and stopped him as he drove the vehicle on a highway just across the city limits of Tomball, but still in Harris County. Thus, appellant argues Officer Toombs lacked authority to detain him because the officer operated outside his jurisdiction. This assertion is incorrect. The Texas Legislature has endowed police officers with the same powers, rights, authority, and *jurisdiction* as city marshals possess. TEX.REV.CIV. STAT.ANN. art. 998 (Vernon Supp.1985). A city marshal's jurisdiction is the same as the sheriff's. TEX.REV.CIV.STAT.ANN. art. 999 (Vernon Supp.1985). The sheriff possesses a county-wide jurisdiction in his position as conservator of the peace. TEX. CODE CRIM.PROC.ANN. art. 2.17 (Vernon 1977). Therefore, Officer Toombs operated within his jurisdiction since he initially detained the appellant in Harris County, the same county in which Tomball is located. *Fort v. State*, 615 S.W.2d 738, 739 (Tex.Crim.App.1981); *Lopez v. State*, 652 S.W.2d 512, 513 (Tex.App.—Houston [1st Dist.] 1983), *rev'd on other grounds*, No. 509-83 (Tex.Crim.App., March 28, 1984) (en banc) (State's motion for rehearing pending).

Secondly, appellant claims Officer Toombs effected an improper warrantless arrest. He contends that it is not against the law to drive road-paving equipment without headlights, and this point apparently is correct according to TEX.REV.CIV. STAT.ANN. art. 6701d, §§ 108(c), 108A, and 109–131 (Vernon 1977 and Supp.1985). Since he was not committing an offense within the presence or view of Officer Toombs by driving the vehicle without lights, appellant asserts that the officer lacked probable cause to stop him and then to arrest him without a warrant. *See* TEX. CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977). We disagree and find that Offi-

cer Toombs possessed at least two adequate bases for detaining the appellant.

First, a police officer may briefly stop a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining further information. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). "[C]ircumstances short of probable cause for arrest may justify temporary detention for the purposes of investigation since an investigation is considered to be a lesser intrusion upon the personal security of the individual." *Armstrong v. State*, 550 S.W.2d 25, 30 (Tex.Crim.App.1976). Officer Toombs saw appellant driving the road-paving equipment at 4:00 a.m. with no lights a very short distance from the site where Mr. Smith's vehicles were parked. Under the totality of circumstances as described in Officer Toombs's testimony at the suppression hearing, we have little difficulty in finding that appellant was a "suspicious individual" properly subjected to an investigatory stop. Therefore, the information as to the traffic warrants obtained as a result of that stop were admissible evidence and provided adequate reason for Officer Toombs to detain appellant a second time. The fact that the vehicle had been hot-wired, as Officer Toombs noticed during the second detention, also created probable cause for the warrantless arrest and was admissible at trial.

We also find Officer Toombs possessed another, independent basis for stopping appellant. As previously stated, police officers possess the same powers and authority as possessed by city marshals and sheriffs. TEX.REV.CIV.STAT. ANN.arts. 998 and 999 (Vernon Supp.1985); TEX.CODE CRIM.PROC.ANN. art. 2.17 (Vernon 1977). Furthermore, sheriffs are associate members of the Texas Department of Public Safety, an agency that patrols Texas highways. TEX.REV.CIV. STAT.ANN. art. 4413(19) (Vernon 1976). When Officer Toombs saw a large vehicle operating without headlights at 4:00 a.m. on a narrow, two-lane highway, he stopped the vehicle and instructed appellant to

drive on the shoulder of the road to protect the safety of other drivers approaching the vehicle. Officer Toombs, in protecting public safety on the highways of Harris County, also possessed adequate reason on this basis for initially stopping the appellant, even though appellant technically committed no violation within his presence or view. We find the trial court properly denied appellant's motion to suppress evidence obtained as a result of the initial detention and warrantless arrest. Therefore, we overrule ground of error six.

▰ Appellant in ground of error seven contends the trial court erred in overruling his motions to set aside the indictment and to quash the indictment. He argues the indictment was defective because its description of the stolen vehicle as "one backhoe" was insufficient notification of the allegations against him, contrary to TEX. CODE CRIM.PROC.ANN. art. 21.04 (Vernon 1966). We disagree. At trial, much of the testimony concerned the proper classification of the stolen vehicle. The State and the complainant, Mr. Smith, referred to the vehicle as "a backhoe." Defense counsel expended a great deal of time in developing testimony that the vehicle technically is a tractor with a front-end loader attachment on one side and a *backhoe attachment* on the other. However, while this nomenclature is technically correct, the record also indicates that persons who utilize such equipment may also refer to the entire apparatus as "a backhoe."

Article 21.09 of the Code of Criminal Procedure states in pertinent part:

> If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. . . .

TEX.CODE CRIM.PROC.ANN. art. 21.09 (Vernon Supp.1985). The Court of Criminal Appeals has held the following descriptions sufficient: "one truck tractor,"[1] "seven rifles,"[2] "one automobile,"[3] and "one television set."[4] Although technically the vehicle in the instant case was a tractor with two attachments, we find that the term "one backhoe" was sufficiently descriptive under these circumstances to give the appellant notice that the State was referring to the entire apparatus. We overrule the seventh ground of error.

▰ The ninth ground of error complains that the trial court abused its discretion in refusing to allow appellant an opportunity to rehabilitate a prospective juror after the State moved to strike the juror for cause. During voir dire, venireman Claudis Hill stated categorically that he could not consider the maximum punishment of 20 years for the crime of theft of property valued over $10,000. The trial court questioned Mr. Hill at length on this matter, and the State moved to strike the venireman for cause. Defense counsel asked the court if he could question the venireman; however, the court did not respond to this question and immediately sustained the State's motion to strike for cause. Defense counsel then stated, "We object for failure to rehabilitate the venireman." The court never ruled on this objection but instead allowed the State to continue its voir dire examination. Because defense counsel failed to obtain a specific ruling on his objection, no error is preserved for review. *See Winkel v. Hawkins,* 585 S.W.2d 889, 892 (Tex.Civ.App. Eastland 1979, writ dism'd); *see also Huckaby v. Henderson,* 635 S.W.2d 129, 131 (Tex.App.—Houston [1st Dist.] 1981, no writ). In any event, the court's rejection of this prospective juror is not reversible error because Mr. Hill had already stated unequivocally that he could not consider the full range of punishment for the of-

1. *Wood v. State,* 632 S.W.2d 734, 736–738 (Tex. Crim.App.1982).

2. *Welch v. State,* 543 S.W.2d 378, 380 (Tex.Crim. App.1976).

3. *Gaines v. State,* 501 S.W.2d 315, 317 (Tex. Crim.App.1973).

4. *Mays v. State,* 428 S.W.2d 325, 326 (Tex.Crim. App.1968).

fense. *See, e.g., White v. State,* 629 S.W.2d 701, 706 (Tex.Crim.App.1981); *Burns v. State,* 556 S.W.2d 270, 278 (Tex. Crim.App.), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977). We overrule appellant's ninth ground of error.

In grounds of error three, eight, ten, and eleven, appellant complains that the prosecutor committed four reversible errors as follows: (1) an improper reference during the prosecutor's opening statement in violation of the court's pretrial suppression order; (2) improper jury argument during the guilt-innocence phase by commenting on appellant's failure to testify; (3) improper jury argument during the guilt-innocence phase by attacking the defense counsel in an attempt to inflame the minds of the jurors against the appellant; and (4) improper jury argument during the punishment phase by arguing outside the record. Upon the occurrence of each of the foregoing statements, the trial court sustained appellant's objection, instructed the jury to disregard, and denied appellant's motion for mistrial. We will examine each of the allegedly objectionable statements in sequence as they occurred at trial.

During the State's opening comments, the prosecutor informed the jury, "We anticipate that the evidence will further show that when [the appellant] was arrested he stated to the officers that he was driving for the company that was working on the road work." The prosecutor's introduction of this material violated the court's pretrial suppression order. The court sustained appellant's objection and issued a very strongly worded instruction to the jury to disregard the prosecutor's statement. The court further instructed the jurors at this time that nothing in the attorney's opening statements could be considered evidence and that the jury would determine guilt or innocence solely from the sworn testimony of the witnesses. Appellant contends such an instruction cannot cure the State's error. We have found no authority to support appellant's contention; on the contrary, the Court of Criminal Appeals has indicated that a prompt instruction not to consider such statements for any purpose

indeed cures this error. *See Collins v. State,* 548 S.W.2d 368, 376 (Tex.Crim.App. 1976), *cert. denied,* 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977); *Harris v. State,* 375 S.W.2d 310, 311 (Tex.Crim.App. 1964). We overrule appellant's eighth ground of error.

Appellant next complains of an improper comment on his failure to testify in violation of TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). During the State's closing argument at the guilt-innocence stage of the trial, the prosecutor said:

It's there for your consideration, but the State has proven to you beyond a reasonable doubt that this defendant committed a theft of a backhoe on August 29, 1983; and there's no contradiction to that, and there's no evidence in dispute of that because you heard no testimony from any witnesses that came from that witness chair yesterday that said it wasn't him riding that backhoe.

Appellant claims this comment was an indirect reference to his failure to testify in that it called for a denial of facts that only the appellant was in a position to offer. *Dubose v. State,* 531 S.W.2d 330 (Tex.Crim. App.1975); *Watts v. State,* 630 S.W.2d 737, 739 (Tex.Civ.App.—Houston [1st Dist.] 1982, no pet.).

To say that a prosecutor's argument amounts to a comment on the defendant's failure to testify, the statement must be viewed from the jury's perspective and the implication that it referred to the defendant's failure to testify must be a necessary one. *Griffin v. State,* 554 S.W.2d 688, 689 (Tex.Crim.App.1977). Where the prosecutor's argument can be reasonably construed as referring to the defendant's failure to produce testimony other than his own, the statement is not improper. *Watts,* 630 S.W.2d at 739. In the instant case, we find the prosecutor's statement not to be a comment on appellant's failure to testify because the jury could easily have interpreted the remarks as referring to the lack of proof of an alibi that could have been developed through

other witnesses. *Id.* at 739–740. Therefore, we overrule ground of error three.

█ The eleventh ground of error complains of the prosecutor's attack on defense counsel in an attempt to inflame the minds of the jurors against the appellant. During closing argument at the guilt-innocence stage, the prosecutor said, "One of the greatest tactics and one of the best tactics that defense lawyers have is that 'we know we did it, but how do we muddy the water.'" This statement attacks the defendant "over the shoulder of counsel" to prejudice the jury against him. *Summers v. State,* 147 Tex.Cr.R. 519, 182 S.W.2d 720, 722 (1944). However, since the court sustained appellant's objection and instructed the jury to disregard the statement, the court cured any error. *Dickson v. State,* 642 S.W.2d 185, 187 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd); *Drummond v. State,* 624 S.W.2d 690, 694 (Tex.App.—Beaumont 1981, pet. ref'd). We overrule ground of error eleven.

█ Finally, appellant claims in ground of error ten that the prosecutor committed reversible error by arguing outside the record. During jury argument at the punishment stage of the trial, the prosecutor stated, "Si Angel, back on August 29, 1983, made his living at stealing because you've convicted him of that." However, there is no evidence in the record that appellant "made his living by stealing." Appellant claims the court's instruction to disregard was insufficient to remove the inflammatory statement's prejudicial effect. *Clark v. State,* 156 Tex.Cr.R. 526, 244 S.W.2d 218 (1951). The prosecutor in *Clark* informed the jury that he personally knew the defendant to be an accomplished burglar. The Court of Criminal Appeals reversed the conviction because the statement was so inflammatory that the trial court's instruction to disregard could not remove the prejudicial effect. However, we do not think the prosecutor's statement in the instant case was as inflammatory as that in *Clark.* Instead, the statement before us is similar to the one in *Graves v. State,* 513 S.W.2d 57, 61 (Tex.Crim.App.1974). In *Graves,* the defendant was charged with *possession of heroin,* but the prosecutor in jury argument referred to the defendant as a *"dealer of narcotics"* when there was no evidence to this effect. The Court of Criminal Appeals found the trial court's instruction to disregard sufficient to cure the harm. In the instant case, the appellant was charged with *theft* and the prosecutor argued that he *made his living by stealing.* Because of the decision in *Graves,* we find the instruction to disregard cured the error. Accordingly, we overrule appellant's tenth ground of error and affirm the conviction.

█ We issue this opinion with one caveat. Our decision today does not imply that we condone the prosecutor's conduct as discussed in grounds of error eight, ten, and eleven. Introduction of material in violation of a suppression order and attempts to inflame the minds of the jurors against a defendant by attacking defense counsel and by arguing outside the record are serious improprieties on the part of the prosecutor. While each of these errors *individually* did not amount to reversible error, we have reviewed the record very carefully to determine whether the *cumulative effect* of the errors deprived the appellant of a fair trial, despite the court's instructions to disregard the statements in question. After viewing these errors in light of the trial as a whole, we have determined that appellant's right to a fair trial was protected by the efforts of a highly competent defense attorney and a conscientious, responsive trial judge. However, we highly disapprove of these tactics, and we will continue to scrutinize such behavior closely for individual or cumulative reversible error.

We affirm the judgment of the trial court.