Esteban AREVALO, Appellant,

v.

The STATE of Texas, Appellee.

No. 0599–96.

Court of Criminal Appeals of Texas,
En Banc.

March 19, 1997.

Kim Richardson, Freeport, for appellant.

David Bosserman, Mary Peter Cudd, Assistant District Attorneys, Angleton, Matthew Paul, Austin, for appellee.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MANSFIELD, Justice.

This case presents the question whether the second prong of the *Rousseau–Aguilar–Royster*[1] test regarding lesser included offenses applies to the State as well as to defendants. We hold that it does.

### The Relevant Facts

The Brazoria County grand jury indicted appellant, Esteban Arevalo, for two counts of aggravated sexual assault. At appellant's trial, the State requested a jury instruction on the lesser included offense of sexual assault as to each count. Appellant objected to the State's request on the ground "the evidence [did] not support the inclusion of a lesser included offense in [the] jury charge." Appellant argued that, on the evidence presented at trial, he was "either guilty of the offense of aggravated sexual assault or ... not guilty" of any offense. He argued further that the State sought the lesser-included-offense instructions simply to encourage "a compromise verdict in case the jury ha[d] a question as to the evidence." The trial court overruled appellant's objection and instructed the jury as requested by the State. The jury subsequently found appellant guilty of the lesser included offense of sexual assault under count one and guilty of aggravated sexual assault under count two. The trial court then assessed punishment, enhanced

---

1. See *Rousseau v. State*, 855 S.W.2d 666, 672–673 (Tex.Crim.App.), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App. 1985); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (plurality op. on reh'g).

by a prior felony conviction, at imprisonment for 75 years on each count.

On appeal appellant reiterated his argument that the lesser-included-offense instructions were improper because no rational view of the evidence would support a conviction for sexual assault and an acquittal of aggravated sexual assault under either count. The State responded with two arguments: (a) that, under case law, it could lawfully request and obtain an instruction on a lesser included offense even if no rational view of the evidence would support a conviction for the lesser offense and an acquittal of the greater offense, and (b) that, in any event, there was evidence in the record that permitted the jury rationally to find that appellant was guilty, under count one, of sexual assault and not aggravated sexual assault.

The First Court of Appeals accepted the State's first argument, without reaching its second, and affirmed the trial court's judgment of conviction:

> ... It logically follows, from the premise that the allegation of an offense includes the implicit allegation of all lesser included offenses, that the State can submit to the jury any combination of the alleged offense and its lesser included offenses even where the State has not explicitly alleged all lesser included offenses.
>
> Therefore, we hold that the State can request lesser included offenses to be submitted in the jury charge without satisfying the *Royster* requirement that there be some evidence that the accused is guilty only of the lesser offense.

*Arevalo v. State*, 918 S.W.2d 46, 49–50 (Tex. App.—Houston [1st Dist.] 1996). In support of its decision, the court of appeals cited two lower court opinions that had stated in dicta, and one lower court opinion that had held, that the State was not subject to the *Royster*

requirement that, before an instruction on a lesser included offense is proper, there must be some evidence that the accused is guilty only of the lesser offense. See *Gottlich v. State*, 822 S.W.2d 734, 738 (Tex.App.—Fort Worth 1992, pet. ref'd); *Angel v. State*, 694 S.W.2d 164, 169 (Tex.App.—Houston [14th Dist.] 1985) (dicta), aff'd, 740 S.W.2d 727 (Tex.Crim.App.1987); *Doss v. State*, 636 S.W.2d 564, 565 (Tex.App.—Waco 1982, pet. ref'd) (dicta).[2] The court of appeals also noted, however, that the Tenth Court of Appeals, in *Richardson v. State*, 832 S.W.2d 168, 171 (Tex.App.—Waco 1992, pet. ref'd), had repudiated the position it had taken earlier in *Doss*.

We granted appellant's petition for discretionary review to settle the conflict in the courts of appeals. See Tex.R.App. Proc. 200(c)(1). In this Court, the litigants make the same arguments they made below.

### Analysis

Article 37.08,[3] which codifies the common-law lesser-included-offense doctrine, provides: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Article 37.09, in turn, provides:

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the charged offense;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

---

2. The *Doss* court stated in dicta that the *Royster* requirement did not apply to the State because of the State's "heavier burden of proof ... and ... obligation to seek a conviction *if the evidence so warrants*." *Doss v. State*, 636 S.W.2d 564, 565 (Tex.App.—Waco 1982 pet. ref'd) (emphasis added). The *Angel* and *Gottlich* courts simply cited *Doss* as authority.

3. All references to articles are to those in the Texas Code of Criminal Procedure.

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

In *Royster v. State,* 622 S.W.2d 442 (Tex. Crim.App.1981), a plurality of this Court held on rehearing that,

> in determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged.[4] Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.[5]

In *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985), a majority of this Court adopted the two-prong *Royster* test. Finally, in *Rousseau v. State,* 855 S.W.2d 666, 672–673 (Tex.Crim.App.), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993), we modified the language, but not the meaning, of the two-prong *Royster* test so that "the roles of the court and jury [would] be better understood":

> [F]irst, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record *that would permit a jury rationally to find* that if the defendant is guilty, he is guilty only of the lesser offense.

(Emphasis in original.) Our modification of the *Royster* language also brought our two-prong test in line with the test used by the federal courts, the courts of almost every other state, and the Model Penal Code. See *Rousseau v. State,* 855 S.W.2d at 672; J. Shellenberger & J. Strazzella, *The Lesser Included Offense Doctrine and the Constitution,* 79 Marq.L.Rev. 1, 6–8 (1995); Model Penal Code § 1.07(5) (1985).

---

**4.** In other words, the lesser offense must actually be a lesser included offense as defined in Article 37.09. *Schweinle v. State,* 915 S.W.2d 17, 18 (Tex.Crim.App.1996) (per curiam op.).

**5.** A lesser included offense is raised if "anything more than a scintilla of evidence" "either affirmatively refutes or negates an element establish-

We have never stated a rationale for the second prong of the *Rousseau–Aguilar–Royster* test, perhaps because we thought the rationale was obvious. In any event, the rationale is clear to us today, and it involves the very nature of the jury's function at the guilt/innocence stage of a criminal trial. The jury's sole function at the guilt/innocence stage is to find the historical facts. See 47 Am.Jur.2d *Trial* § 2 (1995). The second prong of the test preserves the integrity of the jury as the factfinder by ensuring that the jury is instructed as to a lesser included offense only when that offense constitutes a valid, rational alternative to the charged offense. If a jury were instructed on a lesser included offense even though the evidence did not raise it, then the instruction "would constitute an invitation to the jury to return a compromise or otherwise unwarranted verdict." Model Penal Code § 1.07(5) at 134 (1985) (commentary on second prong of lesser-included-offense test). The Supreme Court of Wisconsin explained the rationale of the second prong this way:

> ... [A] determination of whether an instruction on a lesser included crime should be given to a jury is not solved by merely determining the crime charged includes the lesser offense because juries are not to be given the discretion or freedom to pick and choose what offense the accused should be found guilty of. The evidence must throw doubt upon the greater offense. Juries cannot rightly convict of the lesser offense merely from sympathy or for the purpose of reaching an agreement. They are bound by the evidence and should be limited to those included crimes which a reasonable view of the evidence will sustain....

*State v. Williford,* 103 Wis.2d 98, 307 N.W.2d 277, 282 (1981) (citations omitted).

In our view, the rationale underlying the second prong of the *Rousseau–Aguilar–Roy-*

---

ing the greater offense, or the evidence on the issue is subject to two different interpretations, and one of the interpretations negates or rebuts an element of the greater." *Schweinle v. State,* 915 S.W.2d 17, 18–19 (Tex.Crim.App.1996) (per curiam op.).

*ster* test is as applicable to the State's request for a lesser included offense instruction as it is to a defendant's request. Regardless of which litigant requests a lesser-included-offense instruction, that instruction must not constitute an invitation to the jury to reach an irrational verdict. Accordingly, we hold that the second prong applies to the State as well as to defendants. Accord, *United States v. Thompson*, 490 F.2d 1218, 1221 (8th Cir. 1974); *United States v. Whitaker*, 447 F.2d 314, 317 (D.C.Cir.1971); *Richardson v. State*, 832 S.W.2d at 171. Article 37.08 does not authorize a jury to find a defendant guilty of an offense less than the one charged unless the evidence reasonably justifies the jury in doing so.

Our holding today places no onerous burden on the State. Like the defendant, the State will be able to request and obtain a lesser-included-offense instruction if it would be *rational* for the jury to find the defendant guilty of that lesser included offense.

### Conclusion

We VACATE the judgment of the court of appeals and REMAND the case to that court so that it may (a) address the State's argument that there was some evidence in the record that appellant was guilty only of sexual assault under count one and (b) determine whether the giving of the lesser-included-offense instruction as to count two was harmless error under Article 36.19. See, e.g., *O'Pry v. State*, 642 S.W.2d 748, 764–765 (Tex. Crim.App.1981) (op. on reh'g).

McCORMICK, Presiding Judge, dissenting.

I respectfully dissent. The issue in this case is whether the second prong of the *Rousseau v. State* test, which sets out when a trial court *must* submit a defense-requested lesser included offense instruction, is applicable when the State requests a lesser included offense instruction over the defendant's objection. See *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Cr.App.1993), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). The majority holds the second prong of *Rousseau* is applicable in these circumstances. I disagree.

*Rousseau* should not control here because *Rousseau* sets out the test for when a trial court is *required* to submit a defense-requested lesser included offense instruction. See *Arevalo v. State*, 918 S.W.2d 46, 50 fn. 6 (Tex.App.—Houston [1st Dist.] 1996). In all other situations, it should be within the trial court's discretion to submit lesser included offense instructions.

Under *Rousseau*, a trial court *must* submit a defense-requested lesser included offense instruction when two conditions are satisfied. Under the first prong of the *Rousseau* test, the requested jury instruction must meet the definition of a lesser included offense which usually means "the lesser included offense must be included in the proof necessary to establish the offense charged." *Rousseau*, 855 S.W.2d at 672; see Article 37.09, V.A.C.C.P., (definition of lesser included offense). Under the second prong of *Rousseau*, there must be some evidence in the record "that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau*, 855 S.W.2d at 672 (citing *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Cr.App.1985)) and at 673 (some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense).

This Court's holdings in cases like *Rousseau* on when a trial court *must* submit a defense-requested lesser included offense instruction are not based on any Texas statute. These holdings have federal constitutional underpinnings. See generally *Beck v. Alabama*, 447 U.S. 625, 635, 100 S.Ct. 2382, 2388–89, 65 L.Ed.2d 392 (1980) (defendant is constitutionally entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater); *Saunders v. State*, 913 S.W.2d 564, 571–72 (Tex.Cr.App.1995). The potential harm in cases to which *Beck* and *Rousseau* apply is:

"the possibility that a jury, believing the defendant to have committed some crime, but given only the option to convict him of a greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt he really committed the greater offense." *Saunders*, 913 S.W.2d at 571 (citing *Beck*, 447 U.S. at 633–35, 100 S.Ct. at 2388).

The Supreme Court has determined it violates a defendant's constitutional rights for a trial court to deny a defense-requested lesser included offense instruction when the jury rationally could find the defendant guilty of the lesser included offense and not guilty of the greater offense but its only choice is to convict the defendant of the greater offense or to acquit him. See *Beck*, 447 U.S. at 635, 100 S.Ct. at 2388–89; *Saunders*, 913 S.W.2d at 571–72. This is a restatement of the second prong of *Rousseau*. See *Rousseau*, 855 S.W.2d at 673 (some evidence must exist in record that would permit a jury rationally to find that if defendant is guilty, he is guilty of only the lesser offense). The harm in this situation is the jury may decide to convict the defendant of the greater offense even though it has a reasonable doubt on whether he committed the greater offense. See *Beck*, 447 U.S. at 635, 100 S.Ct. at 2388–89.

There is no such potential for harm or constitutional impediment in allowing a trial court discretion to submit lesser included offense instructions in cases like this even when the second prong of *Rousseau* is not satisfied. See *Beck*, 447 U.S. at 634–35, 100 S.Ct. at 2388–89. In these circumstances, an unpersuaded jury on the greater charged offense does not have to choose between convicting the defendant of the greater charged offense or acquitting him. The rationale of cases like *Beck* and *Rousseau* is not implicated when a trial court submits jury instructions on lesser included offenses even when the second prong of *Rousseau* is not satisfied.

What appellant's argument essentially boils down to is that in cases like this a defendant should be entitled to an acquittal either at trial or on appeal if, during the course of trial, the prosecution discovers that its evidence on one or more elements of the greater charged offense is "weak" or "not proven beyond a reasonable doubt." [1] According to this scheme, the jury in these circumstances should only be given the option of convicting the defendant of the greater charged offense or acquitting him because doing otherwise would encourage the jury to return a "compromise or otherwise unwarranted verdict."

This scheme is not constitutionally required. See *Beck*, 447 U.S. at 633–35, 100 S.Ct. at 2387–89. As the Supreme Court in *Beck* noted, under federal common law "the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." *Beck*, 447 U.S. at 633, 100 S.Ct. at 2387. This "rule originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged." *Id.* Appellant's scheme stands the rationale of *Beck* on its head. *Beck* seeks to prevent an "unjust" conviction on the greater charged offense by giving the jury a "third option" of convicting on a lesser included offense. See *Beck*, 447 U.S. at 633–34, 100 S.Ct. at 2387–88. Appellant's scheme seeks to guarantee acquittals of "guilty" defendants either at the trial or appellate levels. But see *id.*

---

1. For example, the State argues:

"If a State's attorney only has evidence of a greater offense, but determines during the trial from listening to the witnesses that one or more aggravating elements of his case was weak or was not proven beyond a reasonable doubt, he is duty bound to submit a lesser included offense. As a former trial attorney, it was my experience that it was not unusual for the strength of testimony to appear different after live witnesses are put on the stand. Such witnesses are subjected to cross examination on topics which the State has no right to discover from defense counsel before trial. A defense counsel on the other hand has a duty only to protect the best interest of his client. Defense counsel also has much more extensive discovery than does the State. Different rules on charging should apply to the State and the defendant."

. In addition to all this, the Court of Appeals correctly pointed out that when the State alleges an offense in an indictment the defendant is also put on notice that the State may seek a conviction on all lesser offenses included within the charged offense without the State having to seek a new indictment. See *Arevalo*, 918 S.W.2d at 49 (State may elect to proceed on a lesser included offense under an indictment alleging the greater offense); cf. *Clardy v. State*, 436 S.W.2d 535 (Tex.Cr.App.1968). If the State can do this pretrial, there is no reason why it cannot do this during the course of trial.

Having concluded the Constitution does not compel the holding the majority adopts in this case, the issue before the Court becomes purely a matter of state law. I have found no statutes that limit a trial court's discretion to submit lesser included offense instructions. On the contrary, the "plain language" of our statutes grant trial courts broad discretion to submit lesser included offense instructions even when the second prong of *Rousseau* is not satisfied. See Article 37.08, V.A.C.C.P., (in prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense). Article 37.08 does not limit a trial court's discretion to submit a lesser included offense instruction only in those situations where there is some evidence in the record that if the defendant is guilty he is guilty only of the lesser offense. The issue in this case boils down to a straight-forward application of the "plain language" of Article 37.08.

However, because the majority opinion should be read to mean the Constitution compels the holding it adopts here, I must respectfully dissent.

KELLER and HOLLAND, JJ., join this dissent.

MEYERS, J., dissenting.

I dissent to the majority's holding that the test established by the Court's opinions in *Royster*, *Aguilar* and *Rousseau*, must be met before a trial court may submit an instruction on a lesser included offense. A trial court has no discretion *to deny* a request for an instruction when this test is met, but nothing *precludes* a trial court from *submitting* an instruction even when this test is not met, provided the elements of the lesser offense are included within the elements of the charged offense so as to give adequate notice. This rule may enure to the benefit of either party.

Caselaw could not be more clear on the circumstances in which a trial court *must* give an instruction on a lesser included offense. This Court has held consistently since *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985)(adopting test set forth by plurality in *Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981) (opinion on reh'g)), that a trial court *is required* to submit an instruction on a lesser included offense if (1) the lesser included offense is included within the proof necessary to establish the charged offense; and (2) there is some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense.[1] While this test was modified somewhat by *Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App.), *cert.*

---

1. The *Royster* progeny itself appears to derive from no reasoned basis. Although the "guilty only" test was first set forth by this Court in *Daywood v. State*, 157 Tex.Crim. 266, 248 S.W.2d 479 (1952), no authority was cited for the test and it was dicta. *Daywood* was thereafter cited as the genesis of the "guilty only" test. At any rate, while this Court has never expressly stated it, the "guilty only" test may set forth a constitutional *minimum*, describing circumstances in which an instruction is constitutionally mandated. *See Beck v. Alabama*, 447 U.S. 625, 637, 100 S.Ct. 2382, 2389–90, 65 L.Ed.2d 392 (1980)(suggesting that right of defendant to lesser included offense instruction "when supported by the evi-

dence" as that may be defined by state law, may be matter of due process); *cf Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App.1995)(recognizing cases standing for proposition that "some" harm always occurs when trial court fails to submit instruction on lesser included offense when raised by evidence, at least where such failure left jury with sole option to either convict defendant of greater offense or acquit). This is not to say that the "guilty only" test could not give way to a less onerous standard, which I might be inclined to consider were the issue appropriately before the Court.

*denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993), its ultimate meaning was not affected. Under this line of precedent, when the evidence falls within the parameters of the "guilty only" test, a trial court has no choice but to submit a lesser included offense instruction—regardless of which party requests the instruction, it *must* be submitted.

The "guilty only" test does not otherwise curtail a trial court's discretion to submit a lesser included offense instruction in circumstances that do not necessarily fit within the confines thereof. Code of Criminal Procedure article 37.08 provides that "[i]n a prosecution for an offense with lesser included offense, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Article 37.09 defines a lesser included offense. Nothing in these provisions imposes or implies the imposition of a limitation on the trial court's discretion to submit instructions on lesser included offenses. The only limitation on a trial court's discretion to submit a lesser included offense, either sua sponte or pursuant to a request from the State, is that the elements of the lesser offense be subsumed by those charged in the indictment. *See Schmuck v. United States*, 489 U.S. 705, 718, 109 S.Ct. 1443, 1451–52, 103 L.Ed.2d 734 (1989)(defendant may not have constitutionally sufficient notice to support lesser included offense instruction requested by prosecutor if elements of lesser offense are not part of indictment).

The majority reasons that an instruction on a lesser included offense if the "guilty only" test is not met, invites the jury to reach an irrational verdict. *Majority opinion* at 889. This view disregards that the "guilty only" test establishes a mandatory *minimum*. *See* fn. 1. Evidence could develop beyond the confines of the "guilty only" test but still rationally support a verdict on either the charged offense or a lesser included offense. For instance, the evidence may establish a dispute over a factual element of the charged offense (such as *mental state*) such that a conviction of either the greater or lesser offense would be reasonable; the "guilty only" test would not be met in these circumstances, but an instruction on the lesser offense is not inviting the jury to render an irrational verdict.[2] *See Aguilar*, 682 S.W.2d at 562 (Teague, J., dissenting)(con-

---

**2.** Pre–*Daywood* cases recognized circumstances (that would not satisfy the "guilty only test") in which a jury would be reasonable in rendering a verdict on either a greater or lesser offense. Judge Clinton discussed these considerations in dissenting to the adoption of the "guilty only" test:

> Other theories suggested by the evidence may come to mind, but the point is, as made in *Keeton v. State*, 149 Tex.Cr.App. 27, 190 S.W.2d 820, 824 (1945, Opinion on Rehearing):
>
> It is true that an indictment for rape includes also a charge for an assault with intent to rape, as well as an aggravated assault ... Yet, such an inclusion does not necessarily mean that in all trials charging rape such other assaults must be submitted. Instead, this matter should be governed by the testimony presented ... It may at times become the duty of the court to charge upon such lesser assaults where there is some doubt thrown on the completed offense, or where the testimony offered may fall short of a completed attack, or when any controversy might have arisen relative to such facts.
>
> The reason for all of this, along with a statement directly contrary to the "guilty only"

notion, was explained by Judge Hurt for the former Court of Appeals in *Liskosski v. State*, 23 Tex.App. 165, 3 S.W. 696, 698 (1887) with respect to certain testimony of the wife of the accused, the sole purported witness to the transaction:

> ... Yet, granting this its proper legal force in reaching a conclusion upon the general question of guilt or innocence, does not her testimony in some of its parts, present the theory that the killing ... was upon sudden quarrel and without malice. We conclude that it does; and in so concluding, it is not said that the appellant is not guilty, if guilty at all, of a *higher grade* of offense than *manslaughter*, or that he *is* guilty of *that* offense; nor was it necessary that either deduction should have been drawn by the trial judge below, nor is it now by us here. Any theory legitimately arising out of the evidence in a case imposes upon the court the duty of submission by appropriately instructing upon the law governing it; and this, without regard to the strength of [sic] weakness of the supporting facts. Uniform with the previous rulings of this court is the doctrine here declared, viz.: The charge of the court must make a pertinent application of the law covering every theory arising out of the evidence; that the duty is not dependent upon

tending trial court should be required to give charge on lesser offense "if the evidence from any source establishes a dispute over a factual element of the alleged offense, and the evidence would support a finding that accused was guilty of committing a lesser offense". Moreover, if a defendant is convicted of a lesser included offense and that conviction is irrational in the sense that the evidence is insufficient to support it, the defendant would be entitled to acquittal on appeal. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The majority's opinion seriously undermines the discretion of a trial court to submit jury instructions on lesser included offenses, to the detriment of both parties. For these reasons, I dissent.

the court's judgment of the strength or weakness of the testimony supporting the theory, it being the prerogative of the jury to pass upon the probative force of the testimony. The court should have given an instruction upon

the law of manslaughter, and its failure to do so was error.
*Watson v. State,* 605 S.W.2d 877, 894–95 (Tex.Cr. App. 1979) (Clinton, J., dissenting)(emphasis in original).