

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0137-09

**STEVEN GREY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS HAYS COUNTY

**HERVEY, J., filed a concurring opinion in which MEYERS and KEASLER, JJ., joined.**

### CONCURRING OPINION

I agree that we should overrule *Arevalo v. State*, 943 S.W.2d 887 (Tex.Cr.App. 1997). I also agree with the dissenters in *Arevalo* that a "trial court has no discretion *to deny* a request for an instruction [on a lesser-included offense] when [the *Royster-Rousseau*] test is met,[1] but nothing

---

[1] This rule for determining when a trial court *must* submit a lesser-included-offense instruction apparently is based on federal due process, at least in death-penalty cases. *See Beck v. Alabama*, 447 U.S. 625, 633-38 (1980); *Keeble v. United States*, 412 U.S. 205, 208, 212-13 (1973); *Arevalo*, 943 S.W.2d at 890-91 (McCormick, P.J., dissenting) and at 892 n.1 (Meyers, J., dissenting).

*precludes* a trial court from *submitting* an instruction even when this test is not met, provided the elements of the lesser offense are included within the elements of the charged offense[2] so as to give adequate notice." *See Arevalo*, 943 S.W.2d at 892-94 (Meyers, J., dissenting) (emphasis in original) and at 890-92 (McCormick, P.J., dissenting). With these comments, I join the Court's opinion.

Hervey, J.

Filed: November 18, 2009
Publish

---

2

*See Hall v. State*, 225 S.W.3d 524 (Tex.Cr.App. 2007).