Harold L. SINGLETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 52034.

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Michael S. Mankins, Jack W. London and Keith E. Kisner, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Stephen H. Capelle, Asst. Dist. Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction under the old Code for the offense of murder with malice. The jury assessed the punishment at life imprisonment in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. Appellant's primary contention is that his confession should not have been admitted into evidence because it was involuntarily given.

The confession recited that appellant had been advised of his rights and was proceeding voluntarily. It further stated that on March 12, 1973, the appellant went to the Austin Terminal Produce Company with the intention of committing robbery. He waited in front of the office's locked front door until the deceased opened the door. As the deceased opened the door, the appellant pushed his way into the office and stabbed the deceased approximately three times. The knife broke as appellant stabbed the deceased in the head. After the deceased fell to the floor, appellant picked up a chair and hit him "about seven times." After attacking the deceased, appellant grabbed the money bag in the office and left. He later caught a bus bound for Kentucky. While in Virginia, appellant telephoned his mother in Austin and she told him that someone wanted to talk to him about a murder. Appellant then caught a bus back to Austin.

Other evidence for the State showed that the deceased died almost instantaneously from the front leg of a metal chair being driven twice through his skull. Appellant's fingerprints were found on the chair and were admitted into evidence. Appellant returned to Austin on March 15, 1973, three days after the offense, and turned himself in voluntarily to the Austin Police Department.

Upon arrival of the two interrogating officers, Sergeant Jerry L. Spain and Officer Roger Napier, appellant was taken to a magistrate's chambers within the same building and was advised of his rights. This occurred at approximately 7:00 p. m. on March 15, 1973. Appellant was then returned to the Criminal Investigation Division on the third floor, where he was constantly in the presence of Sergeant Spain. At approximately 9:00 p. m., appellant was taken by the officers to the Department of Public Safety in Austin for polygraph examination which lasted approximately one hour. At approximately 10:00 p. m., appellant was returned to the Austin Police Department by Spain and Napier and was constantly in their presence until the confession was signed at approximately 1:00 a. m., March 16, 1973.

■ Appellant argues that since he was under constant supervision from the time he arrived at the Austin Police Department until a statement was signed six hours later, in addition to being taken to the Department of Public Safety for polygraph examination, there arises a presumption that the subsequent confession was given involuntarily. We do not agree. Appellant's reliance on *Clewis v. Texas*, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967), is misplaced. In *Clewis*, the defendant was never fully advised of his right to counsel and his right to remain silent. He was not taken before a magistrate immediately. He was subjected to 38 hours of intermittent interrogation.

■ In the case at bar, the appellant voluntarily turned himself in to the police. He was told not to say a word until he

appeared before a magistrate. Approximately half an hour after he turned himself in he was taken before a magistrate and given the statutory warnings. After the interrogation began, the officers continuously repeated the magistrate's warning. The warning was meticulously explained to the appellant in terms that appellant understood. Appellant declined assistance of counsel. While appellant was in custody he was given food and drink. Appellant was not threatened in any manner during the interrogation. There was sufficient evidence for the trial court to conclude that the confession was voluntarily given, and the trial court did not err in admitting it into evidence after considering the above facts at a *Jackson v. Denno* hearing.

Appellant's first ground of error is overruled.

By his second ground of error, appellant contends that the trial court erred in charging the jury in the disjunctive on the mode of commission of the offense when the indictment alleged the mode of commission in the conjunctive.

The indictment alleged that the appellant killed the deceased "by stabbing him with a knife *and* beating him with a chair . . . ." (Emphasis added). The court charged the jury to find the appellant guilty if they believed beyond a reasonable doubt that he murdered the deceased by "stabbing him with a knife *or* beating him with a chair . . . ." (Emphasis added).

■ The appellant did not object to the court's charge on this ground. Nothing is presented for review. *Cf., Moreno v. State,* 541 S.W.2d 170, 173 (Tex.Cr.App.1976).

■ In his final ground of error, the appellant complains of the trial court's failure to charge on circumstantial evidence. The appellant objected to the court's charge for such failure. A charge on circumstantial evidence need not be given where there is evidence of an unequivocal admission by the accused that he killed the deceased. *Sloan v. State,* 515 S.W.2d 913, 916 (Tex.Cr.App. 1974). However, appellant argues that since the jury was instructed to consider his

confession only if they believed beyond a reasonable doubt that it was voluntarily given, there was a possibility that they did not consider the confession because they did not believe it to be voluntary beyond a reasonable doubt. If this occurred, appellant argues that the only evidence remaining to support appellant's conviction would be circumstantial. Therefore, he contends that a charge on circumstantial evidence should have been given.

■ As stated, the confession was voluntarily given and the trial court did not err in admitting it into evidence. The only evidence before the jury on the fact issue of voluntariness was the testimony of the two interrogating officers. This evidence supported a finding of voluntariness. The error in failing to give a charge on circumstantial evidence conditioned upon the jury not considering the confession to be voluntary, if error at all, is harmless. *Cf., Dorsey v. State,* 485 S.W.2d 569, 573 (Tex.Cr. App.1972).

Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.