**Manuel C. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–81–114–CR.**

Court of Appeals of Texas,
Austin.

June 9, 1982.

**630**

Hugh Lowe, Austin, for appellant.

Ronald Earle, Dist. Atty., Andrew Forsythe, Asst. Dist. Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Manuel C. Martinez, following a plea of not guilty, was convicted, in a trial before the jury, of burglary of a building, pursuant to Tex. Penal Code Ann. § 30.-02(a)(1) (1974). The court assessed punishment at three years' confinement in the Texas Department of Corrections.

Appellant presents this Court with nine grounds of error. In essence, appellant alleges the trial court erred in failing to suppress his written confession because it was fruit of an unlawful detention and should not have been submitted to the jury as there was no showing it was voluntarily given. Further, the trial court is alleged to have committed reversible error when it refused to submit a jury instruction on circumstantial evidence or a jury charge on the lesser-included offenses of criminal trespass and theft.

Despite conflicting evidence as to minor points and some facially inconsistent testimony on non-essential matters, the record reveals a relatively straightforward se-

quence of events. At approximately 3:16 on the morning of September 18, 1980, the silent alarm was triggered at the Sigmor Shamrock gas station on Airport Boulevard in Austin. Two patrol cars responded. Officer Simer arrived first and parked behind a light-colored Ford LTD he discovered backed up to the rear of the store with its trunk open. The officer left his own vehicle and continued a cautious approach on foot. At this point, Officer Gonzales, who had shut off his headlights, was within one hundred yards of the station's front entrance and perceived the silhouette of a man lurking some three to four feet from the doorway. When the officer came closer, the man spotted the police car and dashed around the side of the building. Officer Gonzales flipped on his lights and gave chase. The man was in headlong flight by the time he reached the rear of the building and did not immediately discover Officer Simer's presence. When he did, the man executed a sharp aboutface and was struck by Officer Gonzales' patrol car. EMS was notified and, while Officer Simer remained with the injured suspect, Officer Gonzales went around to the front of the station to check for signs of forced entry and for other suspects. One floor-to-ceiling glass panel in the store front had been completely shattered and tiny shards of glass were scattered both within and without the store. Six-packs of beer and packages of cigarettes were strewn in a path leading to the open trunk of the LTD, which was itself filled with cartons of beer and cigarettes.

As Officer Gonzales continued around the building to the spot where Officer Simer was waiting, he observed an unidentified man standing quite close to Simer, apparently engaged in conversation with either the officer or the suspect. Austin police procedure does not permit bystanders to communicate with those in custody and any inquiries were more easily dealt with by those unencumbered by responsibility for the injured, so Officer Gonzales removed the individual to a point near the parked patrol cars. The newcomer, the appellant in this cause, was requested to furnish identification. Officer Gonzales noticed the appellant's fingers fumbled awkwardly for his pockets and that both hands were cut and bleeding. In addition, the play of the officer's flashlight on the appellant's clothing picked up the glitter of what appeared to be bits of glass. The appellant denied familiarity with the injured suspect but was unable to offer satisfactory explanations for his presence, at that early hour, immediately following a burglary, or for the condition of his hands and attire. Officer Gonzales placed him under arrest for suspicion of burglary and apprised him of his *Miranda* rights.

Although later retracted, appellant's own testimony, at the trial on the merits, was that between 10:00 and 11:20 that morning, he was taken before a magistrate, informed of his rights, returned to his cell where he was again given *Miranda* warnings and then taken to the burglary division where he was once again instructed as to his rights before he made a voluntary written statement. The statement, offered into evidence following denial of a motion to suppress, confirms the chronological order, as does police-Sergeant Hightower's testimony in its essential aspects.

The appellant's sworn statement disclosed the injured man is Martinez' brother and that the two had been home drinking beer when they exhausted their supply and decided to break into the Shamrock station for some more. The two took turns hammering on the glass with a crowbar and, when they broke through, appellant went inside and handed the beer and cigarettes out to his brother. Appellant ran when he heard the police car, but returned to the scene when his brother failed to follow.

As his first ground of error, appellant alleges he was subjected to an illegal detention which led to an unlawful arrest and the production of poisonous fruits in the nature of observations, photographs and statements forbidden under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The trial court is alleged to have erred in its failure to suppress these "fruits."

The appellant claims he was "seized" for purposes of the Fourth Amendment from the moment he engaged Officer Simer in conversation. The detention is said to have been unlawful because Officer Simer testified he observed nothing unusual about Martinez and, therefore, the "reasonable suspicion" based upon "specific articuable facts" and "reasonable inferences" from these facts, required by *United States v. Brigoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), was not present. Heavy reliance is placed upon officer Simer's testimony that he was stopping the appellant and that Simer did not consider appellant free to leave.

■ At the outset, we note Officer Simer's subjective perception of the appellant's freedom of mobility is *not* necessarily dispositive of the issue. Appellant's own belief concerning his ability to leave should have been tendered. *De Lira v. State*, 164 Tex.Cr.R. 194, 297 S.W.2d 953 (1956).

■ Further, the appellant was not tracked down, but was free to choose whether to encounter the police and elected to do so. Appellant literally thrust himself under the scrutiny of Officers Simer and Gonzales. One is neither arrested nor seized under such circumstances. *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976); *United States v. Brunson*, 549 F.2d 348 (5th Cir. 1977).

■ In addition, general field investigations of citizens as possible witnesses are not unlawful, do not require "reasonable suspicion," and have been interpreted as being beyond the reach of *Miranda* even though they may involve some detention. *Bendelow v. United States*, 418 F.2d 42 (5th Cir. 1969).[1]

■ Appellant argues his conduct was as consistent with innocent behavior as with criminal activity and that, therefore, under *Armstrong v. State*, 550 S.W.2d 25 (Tex.Cr. App.1979), his detention was unlawful. Appellant alludes to Officer Simer's testimony

that he noticed "nothing unusual" about the newcomer. Martinez also contends that, at the moment of his detention, an EMS unit, five police cars with flashing lights, and numerous onlookers were present. The evidence is, however, to the contrary. Officer Simer's uncontradicted testimony was that at the time of the appellant's initial intrusion onto the scene, EMS had been called, but had yet to arrive; the other three patrol cars were still en route; and the only onlookers were the couple upon whose front lawn the injured suspect was lying. The pretrial record is in accord. The appellant's peculiar appearance on the street at 3:00 a. m., moments after the burglary and dressed in street clothes, was sufficiently suspicious under the totality of the factual circumstances presented to justify further investigation by the police. *Bailey v. State*, 629 S.W.2d 189 (Tex.App.—Dallas 1982).

■ As to Officer Simer's remark that he perceived nothing unusual in the appellant's appearance, it is acknowledged Simer had been on the force less than two months, was engaged with the care of an injured man when approached, and that appellant was barely visible in the early morning gloom. Officer Simer's statement does not prevent the inference he was suspicious, with reason, of the appellant's behavior, although the officer could not discern his appearance. Moreover, upon the return of Gonzales, the seasoned patrolman took charge of the identification request. Under his more experienced eye, reasonable suspicion was immediately apparent. *See Shaffer v. State*, 562 S.W.2d 853 (Tex.Cr.App. 1978); *Hernandez v. State*, 523 S.W.2d 410 (Tex.Cr.App.1975). The greater the training and experience of the law enforcement officer, the more likely it is that he will be able to perceive and articulate meaning in conduct which would not arouse suspicion in an untrained observer. *United States v. Buenaventura-Ariza*, 615 F.2d 29 (2nd Cir. 1980). Additionally, in determining whether reasonable suspicion exists, the cumula-

---

1. Indeed, due to the high incidence of property crimes and the fact such crimes are rarely solved by other means, most field interroga- tions are undertaken with respect to these crimes. Tiffany, McIntyre & Rotenberg, *Detection of Crime* 28.

tive knowledge of all the officers working on the case, rather than the information possessed by the officer who made the stop, is considered where there has been some degree of communication between them. *United States v. Michel*, 588 F.2d 986, 998 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

■ As part of his second ground of error and restated as his fifth ground, appellant challenges the confession offered into evidence. The statement made by the appellant while in custody was not the result of an unlawful detention and the record is consistent with the pretrial finding it was voluntarily made. Appellant contends, however, there is some confusion of the order in which his warnings were given. The Court is cited to portions of the testimony which appear contradictory concerning when the magistrate's warnings were given. It is undisputed, however, the appellant was informed of his rights at least three times before he made his statement. The validity of appellant's confession is unaffected by any failure on the part of the police to have a magistrate administer additional warnings prior to the taking of a voluntary statement. *Shadrick v. State*, 491 S.W.2d 681 (Tex.Cr.App.1973).

Appellant's principal argument under his second ground of error is the trial court erred in failing to submit a jury instruction on circumstantial evidence. According to appellant, had the jury chosen to disregard the confession, it would have been bereft of all but circumstantial evidence of guilt.

■ A written confession is deemed direct evidence and where admitted at trial a charge on circumstantial evidence is unnecessary unless the statement does not constitute an unequivocal admission of the same act charged. *Richardson v. State*, 600 S.W.2d 818 (Tex.Cr.App.1980); *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977).

■ Moreover, the recent opinions of the Court of Criminal Appeals reflect a restriction of the instances under which a charge of circumstantial evidence is mandated to only those situations where the evidence of the main fact essential to guilt is *purely* and *entirely* circumstantial. *Faulk v. State*, 608 S.W.2d 625 (Tex.Cr.App.1980); *Shippy v. State*, 556 S.W.2d 246 (Tex.Cr.App.1977). Further, when the circumstantially demonstrated facts are in such close relationship to the main facts to be proved so as to be the functional equivalent of direct testimony, an instruction on circumstantial evidence will be deemed superfluous. *Faulk v. State*, 608 S.W.2d 625, 628 (Tex.Cr.App. 1980) [citing *Newton v. State*, 509 S.W.2d 610 (Tex.Cr.App.1974) and *Oltiveros v. State*, 474 S.W.2d 221 (Tex.Cr.App.1971) ]. The case of *Britton v. State*, 611 S.W.2d 421 (Tex.Cr.App.1980), clarified the rule by adding where each link in the chain proving one fact is shown by direct, testimonial evidence which does not call for any inferences, the ultimate fact the links are used to prove is tantamount to direct evidence.

Under Tex. Penal Code Ann. § 30.02(a)(1) (1974), one of the elements of the offense of burglary is the entry of a building not then open to the public without the effective consent of the owner. In the appellant's written confession, he states he and his brother ran out of beer so they decided "to go break into a place." When the two arrived at the Shamrock station, the appellant reveals:

> Then I took the crow bar out of the trunk of the car and we both went around to the front of the station and I hit the window and then Danny hit it some more and finally I broke the window. I went inside the building first and Danny stayed outside as a lookout.

According to *Black's Law Dictionary*, 237 (rev. 4th ed. 1968), to "break into" a place is the equivalent of "breaking with burglarious intent" and breaking a close constitutes "an *unlawful entry* upon land." The cumulative effect of appellant's statement was that appellant entered the building without the belief he had any semblance of consent by the owner.

The district supervisor of Sigmor testified the station regularly opens at 7 a. m. and closes at 9 p. m. and, on the morning in question, the service station was closed to

the public. He further stated the appellant was unknown to him and that Mr. Martinez had neither authority nor consent to remove anything from his property. In *Prescott v. State*, 610 S.W.2d 760 (Tex.Cr.App.1981), the Court was faced with a similar situation in that the complainant in a burglary of a habitation case had not testified the *entry* was "without her effective consent." Although the lack of a circumstantial evidence instruction was not in issue, the Court found the evidence "sufficient to prove circumstantially *if not directly* a want of consent." 610 S.W.2d at 763 (emphasis added). Unimpressed by appellant's argument, the Court held it unnecessary for the complainant to "expressly use 'the magic words' that she did not give her effective consent or that the accused did not have her effective consent to enter the premises when testifying." *Id.* at 763. The supervisor's testimony, coupled with the appellant's written confession, satisfies the *Britton* prerequisites for consideration as the functional equivalents of direct evidence the entry was without the effective consent of the owner.

■ Finally, assuming *arguendo* an instruction on circumstantial evidence would have been proper, no injury resulted. Article 36.19 of the Texas Code of Criminal Procedure dictates "judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." There is nothing in the record from which the jury could have gleaned even the slightest inference the entry was not made against the consent of the owner. Every other reasonable hypothesis except defendant's non-consensual entry was excluded to a moral certainty. The error in failing to give an instruction on circumstantial evidence, if error at all, was harmless. *Singleton v. State*, 543 S.W.2d 138 (Tex.Cr.App.1976).

■ Appellant's final grounds of error complain of the failure to charge the jury with the requested lesser-included offenses of criminal trespass and theft. A charge on the lesser offense is required if there is evidence raising the issue that the defendant if guilty, is guilty only of the lesser included offense. *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App.1981). Theft was a lesser-included offense as it was an element of the burglary indictment, *Ex parte Sewell*, 606 S.W.2d 924 (Tex.Cr.App. 1980), and criminal trespass was included under Tex. Penal Code Ann. § 30.05 (1974). The only evidence from any source referred to by appellant to show his guilt of the lesser-included offense of theft is that the supervisor did not specifically testify the entry was without his effective consent. This contention has been sufficiently dealt with by our previous discussion. As to the requested charge on criminal trespass, entry without effective consent is a prerequisite to *both* burglary and criminal trespass and so it was not error to refuse to submit the charge on the lesser-included offense. Directly on point is the case of *McKinney v. State*, 615 S.W.2d 223, 224 (Tex.Cr.App. 1981), wherein the Court reiterated "[a] lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction in a lesser included offense."

The judgment is affirmed.