TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00202-CR






Dudley Campbell Clark, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT


NO.0 990905, HONORABLE LARRY FULLER, JUDGE PRESIDING






 Appellant Dudley Campbell Clark was convicted of burglary under the law of
parties. See Tex. Penal Code Ann. §§ 7.02(a)(2) (West 1994), 30.02(a)(3) (West Supp. 2000). 
Appellant challenges the legal and factual sufficiency of the evidence supporting his conviction and
argues that the trial court erred in failing to grant his requested jury instruction on the lesser
included offense of theft. We will affirm the judgment of conviction.


BACKGROUND

 Very early on the morning of March 1, 1999, John Saenz, greens-keeper at the
Morris Williams Golf Course, was working outside his home near the golf course when he noticed
a gray van parked in his driveway. Saenz approached the van and found that the driver's seat was
unoccupied and the engine was not running. Appellant was sitting in the passenger seat, and Saenz
asked appellant if he could help him. Appellant replied that he and co-defendant Kenneth Perkins
had come to visit a friend named Ernest who lived at the house. Saenz replied that no one named
Ernest lived at the house. Appellant made no further response and did not attempt to flee or alert
Perkins.

 Saenz went inside his house to investigate further. While inside, Saenz looked out
a window and saw Perkins walking away from the house carrying some tools. Saenz walked back
to the van and asked Perkins if he could help him. Perkins replied, "No, I already found what I
needed." Perkins put Saenz's tools into the van and drove away. While Perkins was loading the
tools into the van, Saenz radioed his co-workers at the golf course pro-shop, told them he was
being burglarized, and asked them to call the police. He described the van and announced the
van's license plate number, all within range of appellant's hearing. Workers in the pro-shop wrote
down the license plate number and called the police. They then gave the piece of paper to Saenz,
who later gave the piece of paper to Officer Yancy, the officer who responded to the call.

 After Officer Yancy left to pursue the van, Saenz further examined his residence. 
He discovered that a back window had been opened and that several items were on the ground
outside the window. The window was not visible from where the van was parked. Saenz also
realized that he was missing some tools, including an electric drill, a buffer, and a set of custom-made tires and rims. Saenz could not recall the brands of the items or give any serial numbers,
but testified that he saw Perkins carrying the drill and the buffer.

 At 8:55 a.m. on the same day, appellant pawned three tools at a pawnshop in
northeast Austin, including a "car polisher." At 10:23 a.m., appellant pawned a Sears cordless
drill and an air chisel at another pawnshop. At 11:34 a.m., appellant pawned an electric drill at
yet another pawnshop in east Austin.

 The same afternoon, Officer Yancy received a call that another police officer had
apprehended a van meeting the description of the one seen at Saenz's house. Yancy arrived at the
scene and verified that the van, the license number, and the occupants matched the information
provided by Saenz. The officers determined that the van belonged to appellant, arrested Perkins
on unrelated traffic warrants, and released appellant and the van.

 Detective Michael Eveleth contacted Saenz that afternoon and told him they had
caught two men matching the description Saenz had given Officer Yancy. Saenz went to the
station, reviewed photograph lineups, and identified both suspects. Police arrested appellant two
days later and impounded his van. Eveleth attempted to recover the pawned property but appellant
had already retrieved the items.

 Appellant and Perkins were charged with burglary of a habitation. The indictment
alleged that the two men intentionally and knowingly entered Saenz's habitation without his
effective consent, attempting to commit and committing theft. After the parties rested, appellant
requested a jury charge on the lesser included offense of theft, but the court denied this request. 
The jury found both defendants guilty of burglary of a habitation and the court assessed appellant's
punishment at twenty-five years' confinement in the Institutional Division of the Texas Department
of Criminal Justice. Appellant now brings this appeal.


DISCUSSION

Legal Sufficiency

 Appellant's first and second points of error challenge the legal and factual
sufficiency of the evidence to support his conviction for burglary under the law of parties. A legal
sufficiency review calls upon the reviewing court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies
in the evidence should be resolved in favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). This standard of review is the same for direct and circumstantial
evidence. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 Appellant was charged with burglary under the law of parties. See Tex. Penal Code
Ann. § 7.02(a)(2). Under the law of parties, a person is criminally responsible for the conduct
of another if, acting with intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the offense. Id. 
Therefore, the State is able to enlarge a defendant's criminal responsibility to include acts in which
he may not have been the primary or principal actor. Rivera v. State, 990 S.W.2d 882, 887 (Tex.
App.--Austin 1999, pet. ref'd). The evidence must show that, at the time of the commission of
the offense, the parties were acting together, each doing some part of the execution of the common
design. Brooks v. State, 580 S.W.2d 825, 831 (Tex. Crim. App. 1979).

 While an agreement of the parties to act together in a common design seldom can
be proved by direct evidence, the actions of the parties, as shown by either direct or circumstantial
evidence, may prove an understanding and common design to do a certain act. Burdine v. State,
719 S.W.2d 309, 315 (Tex. Crim. App. 1986); Rivera, 990 S.W.2d at 887. In determining
whether one participated as a party committing an offense, the fact finder may look to events
before, during, and after the offense and may place reliance on acts showing an understanding and
common design to commit the offense. Porter v. State, 634 S.W.2d 846, 849 (Tex. Crim. App.
1982); Rivera, 990 S.W.2d at 887-88.

 Evidence showing the mere presence of an accused at the scene, or even his flight
from the scene, without more, is insufficient to sustain conviction as a party to the offense. Valdez
v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979); Rivera, 990 S.W.2d at 888. Conversely,
evidence is sufficient if it shows that the defendant was physically present at the commission of
the offense and encouraged its commission by words or other agreement. Ransom v. State, 920
S.W.2d 288, 302 (Tex. Crim. App. 1994); Rivera, 990 S.W.2d at 888.

 Appellant compares his case to Scott v. State, in which the defendant admitted
driving his companions to a certain location where, without his knowledge, they committed
aggravated robbery. Scott v. State, 946 S.W.2d 166, 167 (Tex. App.--Austin 1997, pet. ref'd). 
The defendant waited for his companions in the car, then drove them away. Id. at 168-70. 
Afterwards, the companions told the defendant what they had done and gave him some of the
money that they stole from the victims. Id. The evidence did not suggest that the defendant had
prior knowledge of his passengers' intent or that the defendant knowingly assisted his passengers
in the offense. See id. We disagree that appellant's case is comparable to Scott. Here, the record
contains evidence that appellant knew that Perkins was burglarizing Saenz's house.

 Viewing the evidence in the light most favorable to the verdict and applying the
above rules of law, we hold that a rational trier of fact could have found beyond a reasonable
doubt that Kenneth Perkins committed burglary and that appellant, acting with the intent to
promote the commission of the burglary, solicited, encouraged, directed, aided, or attempted to
aid Perkins in that action. The record reflects the following: (1) although appellant waited in the
passenger seat of the van and could not see Perkins's entry into Saenz's home, appellant was
present at the scene of the offense; (2) Perkins was driving a van appellant owned; therefore,
appellant furnished transportation to and from the crime scene; (3) appellant gave Saenz a false
explanation for his presence at the house; (4) appellant allowed Perkins to load Saenz's tools into
appellant's van while Saenz called for help on his two-way radio, within range of appellants'
hearing; (5) soon after the burglary, appellant pawned items similar to those taken from Saenz's
house; and (6) after appellant was released by the police, he returned to the pawn shops to retrieve
items matching the description of items missing from Saenz's house. The cumulative nature of
the above evidence, viewed in the light most favorable to the verdict, is legally sufficient to sustain
appellant's conviction. We accordingly overrule appellant's first point of error and turn to
appellant's challenge of the factual sufficiency of the evidence.


Factual Sufficiency

 In determining the factual sufficiency of the evidence proving the elements of the
offense, we view all the evidence in a neutral light and not in the light most favorable to the
prosecution. Johnson, 23 S.W.3d at 6-7. We review the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it with the evidence that tends
to disprove that fact. Id. at 7. We also review the fact finder's weighing of the evidence and are
authorized to disagree with the fact finder's determination. Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996). However, we do not substitute our judgment for that of the jury, and
we should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Id. at 129. Furthermore, we may not reverse a jury's decision
simply because we disagree with the result. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).

 Here, the elemental facts in dispute are whether appellant, acting with intent to
promote or assist the commission of the burglary, solicited, encouraged, directed, aided, or
attempted to aid Perkins in committing the burglary. In contrast to the evidence tending to support
appellant's guilt, he points us to evidence that tends to disprove the disputed facts. In particular,
he emphasizes that: (1) appellant could not see the point of entry from the van; (2) appellant did
not attempt to flee or alert Perkins of Saenz's presence; and (3) the items appellant immediately
pawned and quickly retrieved were never identified as the exact items stolen from Saenz's house.

 Viewing all the evidence in a neutral light, however, we conclude that the verdict
is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
We hold that the evidence presented at trial is factually sufficient to sustain appellant's conviction. 
We therefore overrule appellant's second point of error.


Lesser Included Offense Instruction

 In his third point of error, appellant asserts that the trial court erred by not charging
the jury on the lesser included offense of theft. Theft can be a lesser included offense of burglary
if, as here, theft is an element of a burglary indictment. See Ex parte Sewell, 606 S.W.2d 924,
925 (Tex. Crim. App. 1980); Martinez v. State, 635 S.W.2d 629, 635 (Tex. App.--Austin 1982,
writ ref'd). A charge on the lesser included offense of theft is required if there is evidence tending
to show that the defendant, if guilty, is guilty only of the lesser included offense. Royster v. State,
622 S.W.2d 442, 446 (Tex. Crim. App. 1981). To raise the issue, the evidence must establish
the lesser included offense as "a valid, rational alternative to the charged offense" and "throw doubt
on the greater offense." Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). It is
not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there
must be some evidence directly germane to the lesser included offense for the fact finder to
consider before an instruction on a lesser included offense is warranted. Bignall v. State, 887
S.W.2d 21, 24 (Tex. Crim. App. 1994).

 Appellant argues that the evidence provided a reasonable basis for the jury to find
he was guilty only of theft. Appellant argues the evidence that he stayed in the parked van at
Saenz's house, that he could not see the point of entry into Saenz's house from the van, and that
he did not flee when confronted by Saenz shows that he had no culpable participation in the
burglary. At the same time, appellant concedes that the State proved at trial that he exercised
control over Saenz's tools without Saenz's consent when appellant pawned the items. Thus,
appellant contends that the evidence shows that he did not know about or assist in the burglary and
that, if guilty of an offense, he committed only theft. See Tex. Penal Code Ann. § 31.03(a)(2)
(West Supp. 2000).

 However, appellant points to no evidence directly germane to the lesser offense
which, viewed in light of all the evidence presented at trial, established theft as a valid, rational
alternative to burglary. See Arevalo, 943 S.W.2d at 889. The overall evidence in the record
supports appellant's complicity in the burglary and not the conclusion that he merely
misappropriated stolen property. Because appellant has not demonstrated that the evidence shows
that, if guilty, he was only guilty of theft, the trial court did not err in refusing appellant's
requested lesser included offense instruction. Appellant's third point of error is accordingly
overruled.


CONCLUSION

 Having overruled appellant's three points of error, we affirm the conviction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: January 11, 2001

Do Not Publish



evidence and are
authorized to disagree with the fact finder's determination. Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996). However, we do not substitute our judgment for that of the jury, and
we should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Id. at 129. Furthermore, we may not reverse a jury's decision
simply because we disagree with the result. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).

 Here, the elemental facts in dispute are whether appellant, acting with intent to
promote or assist the commission of the burglary, solicited, encouraged, directed, aided, or
attempted to aid Perkins in committing the burglary. In contrast to the evidence tending to support
appellant's guilt, he points us to evidence that tends to disprove the disputed facts. In particular,
he emphasizes that: (1) appellant could not see the point of entry from the van; (2) appellant did
not attempt to flee or alert Perkins of Saenz's presence; and (3) the items appellant immediately
pawned and quickly retrieved were never identified as the exact items stolen from Saenz's house.

 Viewing all the evidence in a neutral light, however, we conclude that the verdict
is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
We hold that the evidence presented at trial is factually sufficient to sustain appellant's conviction. 
We therefore overrule appellant's second point of error.


Lesser Included Offense Instruction

 In his third point of error, appellant asserts that the trial court erred by not charging
the jury on the lesser included offense of theft. Theft can be a lesser included offense of burglary
if, as here, theft is an element of a burglary indictment. See Ex parte Sewell, 606 S.W.2d 924,
925 (Tex. Crim. App. 1980); Martinez v. State, 635 S.W.2d 629, 635 (Tex. App.--Austin 1982,
writ ref'd). A charge on the lesser included offense of theft is required if there is evidence tending
to show that the defendant, if guilty, is guilty only of the lesser included offense. Royster v. State,
622 S.W.2d 442, 446 (Tex. Crim. App. 1981). To raise the issue, the evidence must establish
the lesser included offense as "a valid, rational alternative to the charged offense" and "throw doubt
on the greater offense." Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). It is
not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there
must be some evidence directly germane to the lesser included offense for the fact finder to
consider before an instruction on a lesser included offense is warranted. Bignall v. State, 887
S.W.2d 21, 24 (Tex. Crim. App. 1994).

 Appellant argues that the evidence provided a reasonable basis for the jury to find
he was guilty only of theft. Appellant argues the evidence that he stayed in the parked van at
Saenz's house, that he