# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00202-CR

**Dudley Campbell Clark, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT NO.0 990905, HONORABLE LARRY FULLER, JUDGE PRESIDING

Appellant Dudley Campbell Clark was convicted of burglary under the law of parties. *See* Tex. Penal Code Ann. §§ 7.02(a)(2) (West 1994), 30.02(a)(3) (West Supp. 2000). Appellant challenges the legal and factual sufficiency of the evidence supporting his conviction and argues that the trial court erred in failing to grant his requested jury instruction on the lesser included offense of theft. We will affirm the judgment of conviction.

### BACKGROUND

Very early on the morning of March 1, 1999, John Saenz, greens-keeper at the Morris Williams Golf Course, was working outside his home near the golf course when he noticed a gray van parked in his driveway. Saenz approached the van and found that the driver's seat was unoccupied and the engine was not running. Appellant was sitting in the passenger seat, and Saenz asked appellant if he could help him. Appellant replied that he and co-defendant Kenneth Perkins had come to visit a friend named Ernest who lived at the house. Saenz replied that no one

named Ernest lived at the house. Appellant made no further response and did not attempt to flee or alert Perkins.

Saenz went inside his house to investigate further. While inside, Saenz looked out a window and saw Perkins walking away from the house carrying some tools. Saenz walked back to the van and asked Perkins if he could help him. Perkins replied, "No, I already found what I needed." Perkins put Saenz's tools into the van and drove away. While Perkins was loading the tools into the van, Saenz radioed his co-workers at the golf course pro-shop, told them he was being burglarized, and asked them to call the police. He described the van and announced the van's license plate number, all within range of appellant's hearing. Workers in the pro-shop wrote down the license plate number and called the police. They then gave the piece of paper to Saenz, who later gave the piece of paper to Officer Yancy, the officer who responded to the call.

After Officer Yancy left to pursue the van, Saenz further examined his residence. He discovered that a back window had been opened and that several items were on the ground outside the window. The window was not visible from where the van was parked. Saenz also realized that he was missing some tools, including an electric drill, a buffer, and a set of custom-made tires and rims. Saenz could not recall the brands of the items or give any serial numbers, but testified that he saw Perkins carrying the drill and the buffer.

At 8:55 a.m. on the same day, appellant pawned three tools at a pawnshop in northeast Austin, including a "car polisher." At 10:23 a.m., appellant pawned a Sears cordless drill and an air chisel at another pawnshop. At 11:34 a.m., appellant pawned an electric drill at yet another pawnshop in east Austin.

The same afternoon, Officer Yancy received a call that another police officer had apprehended a van meeting the description of the one seen at Saenz's house. Yancy arrived at the scene and verified that the van, the license number, and the occupants matched the information provided by Saenz. The officers determined that the van belonged to appellant, arrested Perkins on unrelated traffic warrants, and released appellant and the van.

Detective Michael Eveleth contacted Saenz that afternoon and told him they had caught two men matching the description Saenz had given Officer Yancy. Saenz went to the station, reviewed photograph lineups, and identified both suspects. Police arrested appellant two days later and impounded his van. Eveleth attempted to recover the pawned property but appellant had already retrieved the items.

Appellant and Perkins were charged with burglary of a habitation. The indictment alleged that the two men intentionally and knowingly entered Saenz's habitation without his effective consent, attempting to commit and committing theft. After the parties rested, appellant requested a jury charge on the lesser included offense of theft, but the court denied this request. The jury found both defendants guilty of burglary of a habitation and the court assessed appellant's punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant now brings this appeal.

## DISCUSSION

*Legal Sufficiency*

Appellant's first and second points of error challenge the legal and factual sufficiency of the evidence to support his conviction for burglary under the law of parties. A legal

sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Staley v. State*, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is the same for direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

Appellant was charged with burglary under the law of parties. *See* Tex. Penal Code Ann. § 7.02(a)(2). Under the law of parties, a person is criminally responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* Therefore, the State is able to enlarge a defendant's criminal responsibility to include acts in which he may not have been the primary or principal actor. *Rivera v. State*, 990 S.W.2d 882, 887 (Tex. App.–Austin 1999, pet. ref'd). The evidence must show that, at the time of the commission of the offense, the parties were acting together, each doing some part of the execution of the common design. *Brooks v. State*, 580 S.W.2d 825, 831 (Tex. Crim. App. 1979).

While an agreement of the parties to act together in a common design seldom can be proved by direct evidence, the actions of the parties, as shown by either direct or circumstantial evidence, may prove an understanding and common design to do a certain act. *Burdine v. State*, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986); *Rivera*, 990 S.W.2d at 887. In determining whether one participated as a party committing an offense, the fact finder may look to events

4

before, during, and after the offense and may place reliance on acts showing an understanding and common design to commit the offense. *Porter v. State*, 634 S.W.2d 846, 849 (Tex. Crim. App. 1982); *Rivera*, 990 S.W.2d at 887-88.

Evidence showing the mere presence of an accused at the scene, or even his flight from the scene, without more, is insufficient to sustain conviction as a party to the offense. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979); *Rivera*, 990 S.W.2d at 888. Conversely, evidence is sufficient if it shows that the defendant was physically present at the commission of the offense and encouraged its commission by words or other agreement. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); *Rivera*, 990 S.W.2d at 888.

Appellant compares his case to *Scott v. State*, in which the defendant admitted driving his companions to a certain location where, without his knowledge, they committed aggravated robbery. *Scott v. State*, 946 S.W.2d 166, 167 (Tex. App.–Austin 1997, pet. ref'd). The defendant waited for his companions in the car, then drove them away. *Id*. at 168-70. Afterwards, the companions told the defendant what they had done and gave him some of the money that they stole from the victims. *Id*. The evidence did not suggest that the defendant had prior knowledge of his passengers' intent or that the defendant knowingly assisted his passengers in the offense. *See id*. We disagree that appellant's case is comparable to *Scott*. Here, the record contains evidence that appellant knew that Perkins was burglarizing Saenz's house.

Viewing the evidence in the light most favorable to the verdict and applying the above rules of law, we hold that a rational trier of fact could have found beyond a reasonable doubt that Kenneth Perkins committed burglary and that appellant, acting with the intent to

5

promote the commission of the burglary, solicited, encouraged, directed, aided, or attempted to aid Perkins in that action. The record reflects the following: (1) although appellant waited in the passenger seat of the van and could not see Perkins's entry into Saenz's home, appellant was present at the scene of the offense; (2) Perkins was driving a van appellant owned; therefore, appellant furnished transportation to and from the crime scene; (3) appellant gave Saenz a false explanation for his presence at the house; (4) appellant allowed Perkins to load Saenz's tools into appellant's van while Saenz called for help on his two-way radio, within range of appellants' hearing; (5) soon after the burglary, appellant pawned items similar to those taken from Saenz's house; and (6) after appellant was released by the police, he returned to the pawn shops to retrieve items matching the description of items missing from Saenz's house. The cumulative nature of the above evidence, viewed in the light most favorable to the verdict, is legally sufficient to sustain appellant's conviction. We accordingly overrule appellant's first point of error and turn to appellant's challenge of the factual sufficiency of the evidence.

### *Factual Sufficiency*

In determining the factual sufficiency of the evidence proving the elements of the offense, we view all the evidence in a neutral light and not in the light most favorable to the prosecution. *Johnson*, 23 S.W.3d at 6-7. We review the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. *Id.* at 7. We also review the fact finder's weighing of the evidence and are authorized to disagree with the fact finder's determination. *Clewis v. State*, 922 S.W.2d 126, 133

6

(Tex. Crim. App. 1996). However, we do not substitute our judgment for that of the jury, and we should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. at 129. Furthermore, we may not reverse a jury's decision simply because we disagree with the result. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Here, the elemental facts in dispute are whether appellant, acting with intent to promote or assist the commission of the burglary, solicited, encouraged, directed, aided, or attempted to aid Perkins in committing the burglary. In contrast to the evidence tending to support appellant's guilt, he points us to evidence that tends to *disprove* the disputed facts. In particular, he emphasizes that: (1) appellant could not see the point of entry from the van; (2) appellant did not attempt to flee or alert Perkins of Saenz's presence; and (3) the items appellant immediately pawned and quickly retrieved were never identified as the exact items stolen from Saenz's house.

Viewing all the evidence in a neutral light, however, we conclude that the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We hold that the evidence presented at trial is factually sufficient to sustain appellant's conviction. We therefore overrule appellant's second point of error.

### Lesser Included Offense Instruction

In his third point of error, appellant asserts that the trial court erred by not charging the jury on the lesser included offense of theft. Theft can be a lesser included offense of burglary

7

if, as here, theft is an element of a burglary indictment. *See Ex parte Sewell*, 606 S.W.2d 924, 925 (Tex. Crim. App. 1980); *Martinez v. State*, 635 S.W.2d 629, 635 (Tex. App.—Austin 1982, writ ref'd). A charge on the lesser included offense of theft is required if there is evidence tending to show that the defendant, if guilty, is guilty only of the lesser included offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981). To raise the issue, the evidence must establish the lesser included offense as "a valid, rational alternative to the charged offense" and "throw doubt on the greater offense." *Arevalo v. State*, 943 S.W.2d 887, 889 (Tex. Crim. App. 1997). It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to the lesser included offense for the fact finder to consider before an instruction on a lesser included offense is warranted. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).

Appellant argues that the evidence provided a reasonable basis for the jury to find he was guilty only of theft. Appellant argues the evidence that he stayed in the parked van at Saenz's house, that he could not see the point of entry into Saenz's house from the van, and that he did not flee when confronted by Saenz shows that he had no culpable participation in the burglary. At the same time, appellant concedes that the State proved at trial that he exercised control over Saenz's tools without Saenz's consent when appellant pawned the items. Thus, appellant contends that the evidence shows that he did not know about or assist in the burglary and that, if guilty of an offense, he committed only theft. *See* Tex. Penal Code Ann. § 31.03(a)(2) (West Supp. 2000).

However, appellant points to no evidence directly germane to the lesser offense which, viewed in light of all the evidence presented at trial, established theft as a valid, rational alternative to burglary. *See Arevalo*, 943 S.W.2d at 889. The overall evidence in the record supports appellant's complicity in the burglary and not the conclusion that he merely misappropriated stolen property. Because appellant has not demonstrated that the evidence shows that, if guilty, he was only guilty of theft, the trial court did not err in refusing appellant's requested lesser included offense instruction. Appellant's third point of error is accordingly overruled.

## CONCLUSION

Having overruled appellant's three points of error, we affirm the conviction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed:   January 11, 2001

Do Not Publish

9