Affirmed and Memorandum Opinion filed August 7, 2007








Affirmed and Memorandum Opinion filed August 7, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00990-CR

NO. 14-06-00991-CR

____________

 

LUIS MARROQUIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 8

Harris County, Texas

Trial Court Cause Nos. 1407087
& 1353975

 



 

M E M O R A N D U M   O P I N I O N

Challenging his misdemeanor offenses of possession of a
prohibited weapon and possession of a controlled substance, appellant Luis
Marroquin asserts that the trial court erred in denying his motion to
suppress.  We affirm.








I.  Factual
and Procedural Background

On January 28, 2006, Houston Police Officer Rafael Pantoja,
Sergeant Glenn Riddle, and Detective Roy Swainson were called to investigate
the death of a juvenile.  Although the juvenile appeared to have died from a
drug overdose, the police investigated the death as a possible homicide. 
During the investigation, the police learned from the juvenile=s brother, Michael
Anthony Alvarez, that appellant was on his way to the scene and was a possible
suspect or perhaps a material witness.[1] 
Alvarez explained that he had called appellant to request some more pills Alike those@ that had been
sold to the his brother.  Appellant agreed to provide them, and when he
appeared soon thereafter, the police stopped appellant=s vehicle.  They
placed appellant in the backseat of a patrol car (without handcuffs) for
questioning.  Appellant gave Detective Swainson consent to search his vehicle. 
When Sergeant Riddle approached appellant=s vehicle, he
noticed that the center console was open and it contained a pair of brass
knuckles and a pill bottle.  These items were confiscated, and appellant was
arrested. 

Appellant was charged by information in cause number
1353975 for possession of a prohibited weapon (brass knuckles), and in cause
number 1407087 for possession of a controlled substance (Xanax pills). 
Appellant pleaded Anot guilty,@ and filed a
motion to suppress both items.  The trial court denied the motion to suppress,
found appellant guilty as charged, and sentenced him to one year confinement,
probated, on each offense.  Appellant was also assessed a fine of $4,000.00,
with $3,250.00 probated, for the prohibited weapon offense. 

 

 








II. Issues and Analysis

In a single issue, appellant contends that the trial court
erred in denying his motion to suppress evidence.  Appellant asserts he was
illegally detained without probable cause, and  that his consent to search was
tainted by an illegal detention.  We review the trial court=s ruling on a
motion to suppress under an abuse‑of‑discretion standard.  Long
v. State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991).  If supported by the
record, a trial court=s ruling on a motion to suppress will not
be overturned absent an abuse of discretion.  Brooks v. State, 76 S.W.3d
426, 430 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial court is the sole finder of fact and is free to
believe or disbelieve any or all of the evidence presented.  Id.  We
give almost total deference to the trial court=s determination of
historical facts that depend on credibility and demeanor, but review de novo
the trial court=s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).

Did
the trial court err in denying appellant=s motion to
suppress evidence because of an illegal detention?

Appellant contends the police illegally detained him
without reasonable suspicion or probable cause in violation of the Fourth and
Fourteenth Amendments to the United States Constitution, and article I, section
9 of the Texas Constitution.  Therefore, appellant argues, the subsequent
search and discovery of the brass knuckles and Xanax pills were Afruits of the
poisonous tree@ and inadmissible evidence.  We find no merit in
appellant=s argument.

In a suppression hearing, the defendant bears an initial
burden of rebutting the presumption that the police conduct was proper.  Russell
v. State, 717 S.W.2d 7, 9 (Tex. Crim.. App. 1986).  He can do so by showing
that the search or seizure occurred without a warrant.  Id.  The burden
then shifts to the State to either produce a warrant or prove that the
warrantless search or seizure was reasonable.  Id. at 9‑10.








Not all encounters between police and citizens trigger the
protection of the Fourth Amendment.  Terry v. Ohio, 392 U.S. 1, 19 n.16,
88 S.Ct. 1868, 1879 n.16, 20 L.Ed.2d 889 (1968).  Police are as free as anyone
else to ask questions of their fellow citizens.  Hunter v. State, 955
S.W.2d 102, 104 (Tex. Crim. App. 1997).  Interactions between police and
civilians are divided into three categories: (1) encounters, (2) investigative
detentions, and (3) arrests.  See State v. Larue, 28 S.W.3d 549, 553 n.8
(Tex. Crim. App. 2000).  An officer may stop a suspicious individual briefly Ato determine
his/her identity or to maintain the status quo while obtaining further
information.@  Comer v. State, 754 S.W.2d 656, 657 (Tex.
Crim. App. 1988).  Such encounters are consensual A[s]o long as a
reasonable person would feel free >to disregard the
police and go about his business.=@  Florida v.
Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991);
Hunter, 955 S.W.2d at 104.  

 A seizure occurs only when the officer, by means of
physical force or show of authority, in some way has restrained the liberty of
a citizen.  Bostick, 501 U.S. at 434, 111 S.Ct. at 2386.  The test is
whether Ain view of all the
circumstances surrounding the incident, a reasonable person would have believed
he was not free to leave.@  Michigan v. Chesternut, 486 U.S.
567, 573, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988).  The dispositive
question is whether the police conduct would have communicated to a reasonable
person that the person was not free to decline the officers= requests or
otherwise terminate the encounter.   Bostick, 501 U.S. at 439, 111 S.Ct.
at 2389; State v. Velasquez, 994 S.W.2d 676, 679 (Tex. Crim. App. 1999).








We first determine whether the police had reasonable
suspicion to detain appellant.  Thus, we consider whether the officer had
reasonable suspicion that some activity out of the ordinary was occurring or
had occurred, some suggestion that the detained person was connected with this
unusual activity, and that the activity was related to a crime.  Hoag v.
State, 728 S.W.2d 375, 380 (Tex. Crim. App.  1987).  When there has been
cooperation between police officers, the cumulative information known to the
cooperating officers at the time of the stop is considered in determining
whether reasonable suspicion exists.  See Martinez v. State, 635 S.W.2d
629, 632 (Tex. App.CAustin 1982, pet. ref=d) (concluding
that cumulative information developed into reasonable suspicion to justify a
temporary detention). 








In this case, the cumulative evidence shows that the police
had specific, articulable facts to conclude that appellant may have engaged in
criminal activity.  There was evidence that appellant may have sold the
juvenile some pills the night before he died of a drug overdose.  The juvenile=s brother
testified that he called appellant to request more pills the morning that he
found his brother dead.[2] 
Alvarez told the police that appellant drove a maroon pickup truck.  The police
were able to personally corroborate this information when appellant arrived at
the scene in a vehicle that matched the description Alvarez had provided.  The
police stopped appellant=s vehicle a short distance from the scene
and detained him because of his possible role in the juvenile=s death.  Officer
Pantoja testified that he had reasonable suspicion to believe that appellant
was a possible suspect, while Sergeant Riddle and Detective Swainson testified
that they considered appellant, at the very least, to be a material witness in
the investigation.[3] 
Moreover, appellant was not tracked down, but voluntarily drove to the location
at Alvarez=s request to sell him more pills.  When appellant
arrived, the police placed him in the backseat of a patrol car (without
handcuffs) so that they could determine his possible role in the juvenile=s death.  Viewing
the totality of the circumstances, we conclude the officers had reasonable
suspicion to detain appellant. See Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001) (concluding detention is reasonable where officer
believes suspect has engaged or is engaging in criminal activity; there must be
some indication that an unordinary activity is or has occurred, that the
suspect is linked to the unusual activity, and that the activity is linked to a
crime); Martinez, 635 S.W.2d at 633 (stating that general field
investigations of citizens as possible witnesses are not unlawful even though
they may involve some detention); see also Brother v. State, 166 S.W.3d
255, 257 (Tex. Crim. App. 2005) (stating that reasonable suspicion can be based
upon information an officer receives from another person); Jackson v. State,
77 S.W.3d 921, 928B29 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (concluding that defendant=s encounter with
airport police was consensual and not detention, and thus, encounter did not
rise to level of Aseizure@ implicating
Fourth Amendment rights; encounter occurred in open area, defendant agreed to
speak with officers, officers were dressed in plain clothes and did not display
any weapons, and during encounter officers never touched or restrained
defendant through use of overt force or through tone of voice).  

Having determined that the officers had reasonable
suspicion to detain appellant, we now consider whether the search of his
vehicle that followed the detention violated appellant=s constitutional
rights. 

Did
the search of appellant=s vehicle exceed
the scope of the valid investigative detention and thus violate his
constitutional rights?








 The search of appellant=s vehicle was
valid on two separate grounds.  First, appellant gave consent to search his
vehicle to Detective Swainson.  Second, when Detective Swainson and Sergeant
Riddle approached appellant=s vehicle, Sergeant Riddle saw that the
center console was open, and the pill bottle and brass knuckles were in plain
view.  Appellant contends that the subsequent search of his vehicle was invalid
because his consent to search was involuntary and tainted by the allegedly
illegal detention, and the State failed to prove that the prohibited articles
(brass knuckles and pills) were found in plain view.

Consent to Search

Relying on the multi-factor test outlined in Brick v.
State, 738 S.W.2d 676, 678 (Tex. Crim. App.  1987), appellant contends that
his consent to search was invalid for the following reasons: 

(1)     He provided his consent during the period of
an illegal detention, and was continually and unlawfully held until he gave
consent; 

(2)     The unlawful detention and unlawful seizure
of his vehicle allowed the police to see the interior of his vehicle because
they already had seized the keys to his vehicle; 

(3)     He was detained for no other purpose
other than to interrogate him and obtain consent to search his vehicle; 

(4)     He did not volunteer consent to search;
rather, Detective Swainson asked appellant if the police could search his
vehicle; 

(5)     His consent was not in writing, and the
police never explicitly informed him of his right to decline the request, and
because the police had his keys, he believed that he had to give consent; and

(6)     He was
detained for the sole purpose of questioning him in the Ahopes@ of developing
probable cause or reasonable suspicion to search his vehicle. 

Appellant ultimately contends that his consent to search
was a fruit of an illegal seizure and prolonged detention.  However, we already
have determined that the detention was not illegal but was supported by
reasonable suspicion.  The police officers had not yet completed their
investigation of appellant when they asked for consent to search his vehicle. 
When consent to search is obtained during the scope of a lawful detention, the
consent is valid.  State v. Cardenas, 36 S.W.3d 243, 247 (Tex. App.CHouston [1st
Dist.] 2001, pet. ref=d).  








The record shows that appellant was detained with
reasonable suspicion, and during this detention, appellant gave his consent to
search.  The circumstances do not indicate that appellant=s consent to
search was the product of duress or coercion, or was otherwise involuntary.  See
Montanez v. State, 195 S.W.3d 101, 106B08 (Tex. Crim.
App. 2006); Beverly v. State, No. 01‑02‑00259‑CR, 2002
WL 31941509, at *3 (Tex. App.C Houston [1st Dist.] 2002, no pet.) (not
designated for publication) (concluding that driver voluntarily consented to
search of his vehicle after traffic stop in response to erratic driving even
though police officer requested consent allegedly after the investigation
dispelled the suspicion of an intoxicated driver).  The police officers= conduct was not
illegal; therefore, it is not likely that appellant=s consent was
tainted by it.  Viewing the record and all reasonable inferences in the light
most favorable to the trial court=s ruling, we
conclude that appellant=s consent to search was voluntary and
valid.  However, even if the appellant=s consent to
search were invalid, there is another independent basis for denying the motion
to suppressCthe prohibited articles were found in plain view. 

Contraband in Plain View 








 A search conducted without a warrant is per se
unreasonable unless it falls within one of the specifically defined and
well-established exceptions to the warrant requirement. McGee v. State,
105 S.W.3d 609, 615 (Tex. Crim. App. 2003).  Although commonly classified as an
exception to the warrant requirement, the Aplain view@ doctrine is not
truly an exception to the warrant requirement because the seizure of property
in plain view involves no invasion of privacy and is presumptively reasonable. Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  If the article is in
plain view, neither seeing it nor seizing it would involve any invasion of
privacy.  Id.  The plain view doctrine requires only that (1) law
enforcement officials have a right to be where they are and (2) it be
immediately apparent that the item seized constitutes evidence, that is, there
is probable cause to associate the item with criminal activity.   Id. 
In determining whether the officer had a right to be where he was, we must be
assured that Athe officer did not violate the Fourth Amendment in
arriving at the place from which the evidence could be plainly viewed.@ Id..

The evidence shows that when Sergeant Riddle approached the
vehicle, he immediately noticed that the center console was open.  The pill
bottle and brass knuckles were clearly visible.  Based on his training and
experience, he immediately recognized the brass knuckles as a prohibited weapon
and the pills as Xanax.  Accordingly, even if appellant=s consent were
tainted, the items were nevertheless discovered in plain view.  The search and
seizure of appellant=s vehicle were reasonable under the plain
view doctrine.  

The trial court did not abuse its discretion in denying
appellant=s motion to suppress the evidence.  We overrule appellant=s sole issue on
appeal and affirm the trial court=s judgment. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment
rendered and Memorandum Opinion filed August 7, 2007.

Panel
consists of Justices Anderson, Fowler, and Frost.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  There is a conflict in the police officers= testimony as to whether appellant was actually
considered a possible suspect at this time, or if he was only a material
witness. 





[2]  Appellant states that Alvarez=s testimony is inconsistent because during
cross-examination, Alvarez stated that while he did not recall exactly what he
exactly said to appellant during the telephone call, he did not tell appellant
that he wanted more pills like the ones that were sold to his brother, but
merely requested that appellant come to his home.  Though there may be
inconsistencies in Alvarez=s testimony, it
is the trial court=s function to evaluate and determine the weight of the
testimony at the motion‑to‑suppress hearing.  See State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  The trial court, as the trier of
fact, could have chosen to believe some, but not all of Alvarez=s testimony.  





[3]  Though the officers= testimony conflicts as to whether appellant was a suspect or material
witness, the trial court was free to believe any or all of this evidence.  The
evidence shows that the officers collectively had information that appellant
was a possible suspect at the time of the initial stop, and thereafter, at the
very least, was considered a material witness.  Because the officers=  testimony clearly establishes that the officers had
reasonable suspicion to detain appellant, and because the trial court could
have chosen to disbelieve all or any part of the evidence presented, the record
supports the trial court=s conclusion that reasonable suspicion existed.